Merrimack, ⎱
Feb. 7, 1922. ⎰

### William H. Abbott v. Concord Ice Company.

Under the employers' liability act, Laws 1911, c. 163, s. 3, no recovery can be had for an injury which does not disable the employee for a period of at least two weeks.

In fixing the amount of compensation under Laws 1911, c. 163, s. 6 (2) the "average weekly earnings" in the same work for the same employer during the year preceding the injury furnish the test of prior earning capacity, and the average of weekly earnings received from another employer during that year cannot be considered.

Bill in Equity, to recover compensation under Laws 1911, c. 163. Trial by the court. The plaintiff lost the sight of his right eye by reason of injuries received in the course of his employment by the defendant. Four days after the accident he was able to return to his work for the defendant and to earn the wages theretofore paid him for that work. Prior to the accident he had worked for a part of each year for another employer, as a stone mason, and for higher wages than he earned when working for the defendant. The injury impaired his capacity to earn as a mason, but he can still earn the wages paid to him by the defendant before the accident. It was found that if in computing the plaintiff's average weekly earnings before the accident his earnings as a mason could not, as matter of law, be considered, then no compensation was due and the bill should be dismissed. Transferred from the April term, 1921, of the superior court by Marble, J., without a ruling.

*Nathaniel E. Martin* (by brief and orally), for the plaintiff.

*Streeter, Demond, Woodworth & Sulloway* (*Mr. Jonathan Piper* orally), for the defendant.

Peaslee, J. The question presented in this case is whether the terms of the workmen's compensation act limiting the injuries for which compensation may be recovered, and those specifying the employment which may be considered in determining the workman's earning capacity at the time of the accident, make the prior employment by the same master the sole standard or whether prior employment by others may be considered. The provision that no recovery can be had "in respect of any injury which does not disable the workman for a period of at least two weeks from earning full wages at the

work at which he was employed" (Laws 1911, c. 163, s. 3), when taken by itself, clearly refers to his work for the same master. But as the whole act must be construed together, the question arises whether the meaning here would be modified if a different intent were manifested by other provisions.

Section 6 (2) deals with the question of what employment can be considered in fixing the compensation. It provides for compensation "not exceeding fifty per centum of his average weekly earnings when at work on full time during the preceding year during which he shall have been in the employment of the same employer, or if he shall have been in the employment of the same employer for less than a year, then a weekly payment of not exceeding one half the average weekly earnings on full time for such less period. In fixing the amount of the weekly payment, regard shall be had to the difference between the amount of the average earnings of the workman before the accident and the average amount he is able to earn thereafter as wages in the same employment or otherwise."

The argument is advanced that the phrase "in the same employment or otherwise" refers to earnings before the accident as well as to earning capacity after that event. The natural and ordinary construction of the sentence is against the position taken. This view is strengthened by the fact that in the next preceding sentence, wherein a limit to the employer's possible liability is fixed, work for "the same employer" is made the standard. The particularity with which this is stated would naturally lead to the conclusion that when the term average earnings is used again in the same section and without explicit qualification it has the same meaning. Further evidence that this was the sense in which the words were used is found in the language of a still later provision in this section that "in the case of partial incapacity the weekly payment shall in no case exceed the difference between the amount of the average weekly earnings of the workman before the accident and the average weekly amount which he is earning or is able to earn in the same employment or otherwise after the accident . . ." In each of the three instances where the term, average earning before the accident, is used (either with or without explanatory words) in section 6 the meaning is the same. His average earnings in the same employment fix the limit of the employer's possible liability in any case, furnish the test of prior earning capacity which is to be considered in fixing the amount of the award, so far as the same is discretionary (*Mulhall* v. *Company, ante,* 194 ), and constitute the standard of prior capacity for use in determining

whether there has been a partial loss of capacity and the extent of such loss.

While the meaning of the statute is not entirely free from doubt, it seems much more probable that in the phrases "to earn thereafter as wages in the same employment or otherwise" and "is earning or is able to earn in the same employment or otherwise after the accident" the term "or otherwise" refers only to employment subsequent to the accident and does not enlarge the meaning of the preceding clauses relating to prior employment.

As said in the defendant's brief, little or no assistance on this question can be obtained from decisions in other jurisdictions. The provisions as to computation and the language in which they are expressed vary greatly; and although such laws are now in force in nearly every state, most of them were enacted since 1911. Workmen's Compensation Acts (C. J. System), *p.* 9, *note* 46. The language of this section (so far as the present question is involved) was evidently copied from the first New York act, which was passed in 1910 (N. Y. Laws 1910, *c.* 674, *ss.* 215–219g) and which was declared unconstitutional upon other grounds while the act here under consideration was pending before the legislature. *Ives* v. *Railway*, 201 N. Y. 271.

There are then two sufficient answers to the plaintiff's claim for compensation under the act. The accident disabled him from earning full wages at the work in which he was employed for only four days. Such injuries are excluded by the proviso in section 3, heretofore considered.

While the plaintiff's capacity to earn money in another employment, in which he worked part of the time before the accident, was decreased, his capacity after the accident was such that he could earn the same wages as the defendant paid him before the accident. As before pointed out, this damage is not one covered by the compensation features of the act and could not be recovered here, even if recovery were not defeated upon another ground.

In view of these conclusions, the other questions raised, concerning the amount of the award, are not material to the disposition of the case and have not been considered.

In accordance with the terms of the transferred case, the order is

*Bill dismissed.*

All concurred.