Strafford,
June 26, 1930.

JOHN E. FREEMAN *v.* PACIFIC MILLS.

*F. Clyde Keefe* and *Murchie & Murchie* (*Mr. Alexander Murchie* orally), for the plaintiff.

*Hughes & Burns* (*Mr. Burns* orally), for the defendant.

PEASLEE, C. J. The plaintiff claims that the exceptions filed in the superior court, there allowed and upon which the case was transferred to this court, are not available to the defendant. This is a proceeding in equity P. L., *c.* 178, *s.* 25. The exceptions relate mainly to alleged errors in applying the law to facts found. Of course such exceptions can only be taken after the court has disclosed the mental processes by which conclusions have been reached. Decisions relating to objections and exceptions which could and should be presented during the trial have no application.

But it is said that as the statute provides that the presiding justice shall state "the facts found and his rulings of law" "if either party shall request it" (P. L., *c.* 316, *s.* 12), no objections thereto can be made in the absence of such request. In other words, the position taken is that the voluntary act of the justice in this case in putting upon record a statement of how he reached his conclusions is a mere nullity, because such action was not taken upon a previous request of a party. Although a request before the decision is announced is necessary if a party desires to invoke the law compelling the statement by the justice (*Manchester Amusement Co.* v. *Conn*, 80 N.H. 455, 458), yet the fact that the statement made was not upon such request does not bar the complaining party from its consideration in this court. *Moynihan* v. *Brennan*, 77 N. H. 273. The provision for a request

merely provides the means by which the party can compel the action. But if the action be taken by the justice, it is immaterial whether it was upon request or on his own volition. Questions of law, apparent upon the face of the findings and rulings filed, are thus made available to the parties.

Upon the issue whether the general verdict and special findings are without support in the evidence, the rule has been stated very broadly against a right to raise the question after the issues have been submitted to the trier of the facts. "It is well settled in this state that a party cannot question the sufficiency of evidence to support a verdict or material issue in a case by a motion after the case has been submitted to the court or jury, or by an exception to the verdict." *Head & Dowst Co.* v. *Breeders' Club*, 75 N. H. 449, 450.

But this rule does not apply to an issue as to the inadequacy or excessiveness of an assessment of damages. *Bennett* v. *Larose*, 82 N. H. 443. As to such a question, the sufficiency of the evidence to sustain the conclusion reached may be raised after the conclusion has been announced. In *Doody* v. *Railroad*, 77 N. H. 161, the plaintiff's right to object to the inadequacy of the damages awarded was not lost by his failure to ask the presiding justice to rule and instruct the jury before the submission of the case that a verdict of $750 would be inadequate.

The matters in controversy here relate to the assessment of damages. Compensation is awarded according to the extent of loss of earning capacity. P. L., c. 178, s. 19 *et seq.* The questions, whether there was any evidence to support the assessment made and whether upon the facts found such an assessment was permissible, are open for consideration here.

There are conceded inaccuracies in the computation, which should be corrected. The issue argued is whether upon a finding of loss of five-twelfths of the usefulness of the left hand (due to the amputation of the third finger) it can be concluded that there was a loss of five-twelfths of the total earning capacity of a right handed laborer. In order to sustain the finding it must be concluded that it could be found that partial impairment of the use of the left hand reduces all earning faculty in like proportion. This is plainly contrary to the well known facts of everyday experience and consequently the finding must be set aside.

There was also error in the refusal to consider material evidence. The defendant offered to show that at a certain date the plaintiff could have had his old job again. The record then continues as fol-

lows: "*Mr. Keefe:* I object to that, Your Honor, on the ground that it would be perfectly proper for this man not to apply, because they could get him to sign a release, give him a job and fire him the next week. It is immaterial. *Court:* (Inaudible to stenographer.) *Mr. Burns:* Save our exception. *Court:* I am not refusing your putting in anything you want. I am telling you it doesn't get you anywhere. I won't let you have an exception on such a question as that. *Mr. Burns:* I think it is material, if the Court please. *Court:* Put it in, then. As far as I am concerned I shan't consider it. Q. (Read by stenographer.) A. After July 5th, well, I don't know how long after July 5th. Q. Well, if he had applied any time within a reasonable time after July 5th could he have had his job back again? A. Yes."

It is now claimed that the result of this was to leave the defendant without any exception. As the award is set aside upon other grounds, it is not necessary to determine whether, under these unusual circumstances, counsel should have claimed an exception to the unwarranted position taken by the presiding justice. But to prevent misapprehension, it is to be said that such procedure amounts to a plain invasion of the rights of parties. If the presiding justice thinks evidence should not be considered he should rule it out, and give the party his opportunity to raise the question by taking an exception. Formal admission of the testimony, accompanied by a substantial exclusion, does not cut off the right of the party to complain. Whether sufficient complaint and claim of right to review were made in this instance is not decided.

The plaintiff had worked for the defendant but a few weeks prior to the accident; and the defendant excepted to the exclusion of evidence as to the plaintiff's earnings before he was employed by the defendant but within a year of the date of the accident. The ruling was correct. The statute provides in terms that only employment by the same employer can be considered in settling the issue of capacity to earn before the accident. *Abbott* v. *Company*, 80 N. H. 301.

*Award set aside.*

All concurred.