Cheshire,
April 15, 1940. } No. 3154.

DELAY MANUFACTURING COMPANY *v.* FORREST L. CAREY.

*Howard B. Lane*, for the plaintiff.

*Roy M. Pickard*, for the defendant.

BRANCH, J. The defendant asserts as the ground of his first exception that "there is no plausible evidence in the case that the elec-

tric lighting system in the Delay Factory was removed by . . . Forrest L. Carey." This contention is entirely without merit. There was testimony that when the plaintiff purchased the building during the tenancy of the defendant it was wired for electricity but that when it took possession at the end of the tenancy there were no "electrical wires or equipment in the building." The defendant was in possession up to the time when the plaintiff entered. It was conceded that he or his agents removed the "power wiring" in the factory, meaning by this the wires by which power was transmitted to certain machines in the factory which the defendant had purchased from the former owner and which he was entitled to remove according to the terms of his bill of sale. There was no evidence that any other person removed or had an opportunity to remove the electric light wiring for which recovery was allowed and from the facts above stated it was a permissible inference that this wiring also was removed by the defendant or his agents.

By his other two exceptions the defendant asserts that the referee applied an erroneous rule in assessing the amount of the plaintiff's damages.

After the plaintiff received possession of the factory, it employed one Neugebauer to re-wire the building, and the first contention of the defendant in support of these exceptions is that "any part of the Neugebauer bill for power wiring should not be recovered by the plaintiff." The answer to this contention is that no recovery was allowed for the installation of power wiring. The referee states in his report that "Mr. Neugebauer, a competent electrician, testified that he replaced the electric wiring and that the expense of installation of that used exclusively for lighting was Two Hundred seventy-four dollars." This amount was allowed as one item of the plaintiff's damages. It cannot be said as a matter of law that the interpretation thus placed upon the testimony of the contractor was erroneous.

The second complaint of the defendant is that "no allowance was made for the fact that wiring depreciates" and that the value of the wiring "if removed by the said Carey was much less than the cost of new wiring." In making this contention the defendant apparently ignores the nature of the present action and proceeds upon the assumption that the plaintiff is seeking to recover merely the value of the personal property converted by the defendant. The action, on the contrary, is trespass to recover for damage to real estate and in such an action the damages are measured primarily by the difference between the value of the real estate before and after the de-

fendant's wrong was committed. 4 Restatement, Torts, s. 929. This is the principle underlying the decisions of this court in *Wallace v. Goodall,* 18 N. H. 439, 456 and *Foote v. Merrill,* 54 N. H. 490, although there expressed in different phraseology. "The inquiry should be, How much was the plaintiff injured by the breaking and entering of his close . . . . The true measure of damages is the amount of injury which the plaintiff has actually suffered from the whole trespass." *Foote v. Merrill, supra,* 494. The difference between the value of the real estate before and after the harm will, in most cases, be fairly measured by the cost of restoration, and hence "the reasonable cost of replacing the land in its original position is ordinarily allowable as the measure of recovery." 4 Restatement, Torts, *supra,* Com. b.

There is no evidence in the case to indicate that it would have been feasible to replace the wiring in the plaintiff's building with second hand material or, if feasible, that it could have been done at a cost less than that of the new wiring which was installed. Under these circumstances there appears to be no reason for disturbing the referee's assessment of damages.

In accordance with the foregoing conclusions there should be

*Judgment on the report.*

All concurred.