Cheshire,
No. 4809.

EARL W. PROULX & a. v. KEENE.

Argued January 5, 1960.

Decided February 29, 1960.

430

*Goodnow, Arwe & Ayer* (*Mr. Goodnow* orally), for the plaintiffs.

*Ernest L. Bell III,* city solicitor, (by brief and orally), for the defendant.

DUNCAN, J.  By statute towns and cities are required to provide and maintain public dumping facilities, unless exempted from doing so by order of the State Board of Health.  Laws 1955, c. 275, ss. 2, 3 (RSA 147:23, 23-a (supp.) ).  The defendant argues that its motion to dismiss, made in advance of trial, was erroneously denied because the court is without authority to enjoin it from performing its legal duties.  *Clough* v. *'Verrette,* 79 N. H. 356; Rhyne, Municipal Law 797.  The plaintiffs' bills however did not seek to enjoin the city from operating a dump, but from operating a "burning dump" on the premises in question.  Since the statute specifically provides that the disposition of waste shall be "in such a manner as not to create a nuisance" (RSA 147:26 (supp.) ) and the plaintiffs alleged irreparable injury, the defendant's motion to dismiss was properly denied.  See *Webber* v. *Gage,* 39 N. H. 182.

As proprietor of the dump and of the land upon which it was situated, the defendant was under the duty imposed upon any owner to use the land in a reasonable way under all the circumstances (*Horan* v. *Byrnes,* 72 N. H. 93, 100; *Lane* v. *Concord,* 70 N. H. 485; *Ladd* v. *Brick Company,* 68 N. H. 185) and in a manner which would not "deprive the plaintiffs of the reasonable enjoy-

ment of their property to a substantial extent, considering all the circumstances of the situation." *Page v. Brooks,* 79 N. H. 70, 73. Even though the defendant was exercising a public right in performance of a public duty imposed upon it, if its use was unreasonable as against adjoining owners, the plaintiffs may have relief both in equity and at law. *O'Brien v. Derry,* 73 N. H. 198, 204. "Towns like individuals . . . are bound to so use their own as not to injure the property of others." *Id.* See also, *Elliott v. Mason,* 76 N. H. 229; *Leary v. Manchester,* 90 N. H. 256; anno. 52 A. L. R. (2d) 1134, 1140.

Whether the use made constituted a nuisance was a question of fact to be determined by the Trial Court. *Page v. Brooks, supra; True v. McAlpine,* 81 N. H. 314.

The Court found that continued operation of the dump will be unreasonable as to the plaintiffs, that it has subjected them to substantial annoyance from smoke and smell, is a substantial nuisance, has resulted in some depreciation in the value of their properties, and if continued would render their enjoyment especially uncomfortable and inconvenient, and produce a tangible and appreciable injury to their property. These findings the defendant maintains are not warranted by the evidence.

An expert witness called by the plaintiffs testified that their respective properties were depreciated in value, because of the dump, in percentages ranging from twenty to fifty per cent of their market values. The defendant argues that its motion to strike the witness' testimony was erroneously denied, because the witness lacked personal knowledge of the extent to which the properties were affected by the alleged nuisance and his testimony was inconsistent, incredible, and based upon hearsay. Although the Trial Court did not accept the witness' estimates of the amount of depreciation, his testimony was properly received in the Court's discretion. *Edgcomb Steel Co. v. State,* 100 N. H. 480, 492. See *Fitzpatrick v. Company,* 101 N. H. 35, 42-43. Much of his testimony was in response to hypothetical questions which supplied facts established through other witnesses. The variance in percentages of depreciation could findably be accounted for by factors such as relative location, and the course taken by smoke from the dump, which the witness himself observed.

The findings relative to the interference with the plaintiffs' enjoyment of their properties and to "substantial annoyance from the smoke and smell" were warranted by the testimony of the

parties themselves concerning the charred and unburned paper and debris blown upon their property, and the frequency of smoke and odors at times "almost sickening to smell," which variously caused a "burning" sensation of the eyes, or could be "felt . . . in our throats," and required that bedroom windows be closed and picnics be held indoors. If the findings were not couched in the precise language of *Page* v. *Brooks, supra* (but see *Lane* v. *Concord, supra,* 486), they were nevertheless equivalent to a finding of deprivation of "reasonable enjoyment . . . to a substantial extent." *Page* v. *Brooks, supra,* 73. The findings warranted in turn the further finding that "some depreciation" had resulted, and the ultimate conclusion that the city's use was unreasonable, and such as to produce tangible and appreciable injury. *Lane* v. *Concord, supra.*

Other findings and rulings plainly indicate that in reaching its conclusion, the Court considered the circumstances of the need of the city for a dump, and the probable expense of operating one by a method which would not permit the escape of smoke, odors, and debris to the adjoining properties.

The injunction does not purport to require the city to establish another dump, or to operate this or any other dump in any particular manner, except that a "burning dump" may not be operated so as to permit the escape of smoke, odors or debris to the plaintiffs' properties. The decree does not prohibit a burning dump at some other location in Keene or elsewhere where it will not affect the plaintiffs' properties. Hence we see no basis for the defendant's further argument that the decree, by directing what the city shall do, invades its discretionary powers or violates constitutional provisions relating to the separation of powers.

The issue of reasonable use is one of fact which in this case has been decided adversely to the defendant upon evidence sufficient to warrant the decision made. Neither the order of the Trial Court nor the opinion of this court stands for the proposition that a burning dump is a nuisance *per se* or that it necessarily violates the prohibition of RSA 147:26, *supra,* against a nuisance.

*Exceptions overruled.*

All concurred.