Coos,
No. 5216.

### Coos Lumber Company

*v.*

### Builders Lumber and Supply Co.

Argued March 3, 1964.
Decided March 31, 1964.

*George H. Keough* (by brief and orally), for the plaintiff.

*Robert Shaw* and *James J. Burns* (*Mr. Shaw* orally), for the defendant.

DUNCAN, J. The contract between the parties called for delivery by December 31, 1960 of "approximately" two and a half million feet of spruce logs twelve to sixteen feet in length, with minimum diameter of eight inches. The contract price was sixty dollars a thousand, or $150,000 for the stated quantity. The plaintiff's evidence tended to show a cost of production of $37.33 per thousand, or $93,325 to produce two and a half million feet.

The defendant's evidence tended to prove a greater cost of production ranging as high as approximately $54 a thousand.

It appeared that a contract between the United States Forest Service and the plaintiff, under which the latter acquired its right to cut, called for three million one hundred thousand board feet of spruce and fir on the lot from which the contract with the defendant was to be fulfilled. It further appeared that following cessation of delivery to the defendant, the plaintiff had sold 127,000 board feet of the better spruce logs to a concern in the state of New York, for prices ranging between $120 and $175 per thousand. There was evidence of other sales at less profitable prices, and of some where the price approximated the estimated cost of production and delivery. There was also evidence that the average market price for good quality spruce

prevailing during the fall in question was less than the contract price.

In the course of cross-examination of the plaintiff's treasurer and manager, defendant's counsel developed the fact that for the logs sold in New York the plaintiff received at least seven thousand dollars more than it would have received for the same logs under the contract with the defendant. To a question to the witness that he "didn't tell us about that" on direct examination, plaintiff's counsel objected on the ground that "there was enough wood on that lot to take care of all those jobs." This statement was then confirmed by the witness on further questioning by defendant's counsel.

Previously, and thereafter, the defendant sought without success, to introduce evidence that there was no spruce on the lot which would produce logs of the dimension called for by the contract between the parties beyond the quantity required to satisfy the contract. It was the defendant's contention that "the jury will not know whether or not the amount [received from sales] should be used in mitigation of damages unless there is some evidence as to the amount of wood that was there." In each instance, the proffered evidence was excluded, subject to the defendant's exception.

Later in the trial, however, not in the presence of the jury, the Court inquired of plaintiff's counsel whether he was "willing to concede . . . that all sales to persons other than the defendant would have been made to the defendant had it not breached the contract." To counsel's reply that he would not "take an exception if you charge on it," the Court replied "I am going to charge on it anyway." Plaintiff's counsel then stated "I will concede that [they] might have been."

In final arguments to the jury, defendant's counsel argued with reference to the New York sale, that the plaintiff "made an extra profit over and above what he would have gotten from [the defendant] of $7,000"; and that the defendant was entitled to this, as well as to other substantial credits against the plaintiff's alleged lost profits, arising both out of costs not acknowledged by the plaintiff, and sales to other purchasers.

The Court instructed the jury without the benefit of requests for instructions from either party. There were no exceptions to the instructions given. In the course of the charge, the jury was

told that the defendant "should be credited with the price actually obtained or obtainable for [the logs] by a new sale," that "the market value obtainable on another sale is to be deducted from the contract price," and that if the jury found that the plaintiff "sold any of these logs at a profit, which logs otherwise would have been sold to the defendant except for the defendant's breach of the contract, you should allow any profit which you find as a credit to the defendant." Finally, the jury was told to measure the plaintiff's damages "by the difference between the contract price to the defendant and the price the plaintiff could have reasonably obtained for the logs by a new sale or sales."

The plaintiff's right to recover damages for the failure to accept approximately two and one half million feet of logs was established by the verdict at the first trial, at which the defendant sought to show that this quantity was not available. *Coos Lumber Co.* v. *Builders Supply Co.*, 104 N. H. 404, *supra*, 405. Hence the defendant was not entitled upon retrial, limited to the issue of damages, to reopen the issue of whether the lot could produce the required number of board feet.

We think it plain from the record that the defendant was not prejudiced on retrial by the exclusion of evidence intended to show that production could not exceed two and one half million feet. The evidence was offered to establish that logs sold to others were not surplus, but necessarily required for performance of the contract. But as the case was submitted to the jury, the defendant was entitled to credit for the receipts from all sales to others of logs which would have met the specifications of the contract, i.e. "which logs otherwise would have been sold to the defendant."

There is no suggestion that the instructions were not followed by the jury, and it is plain that the jury considered that the plaintiff was entitled to $7,765 less than it claimed, either because of the sales made elsewhere, or of costs of production not taken into account by the plaintiff, or both.

If the defendant considered that the instructions given inadequately stated the law of the trial, it was incumbent upon it to notify the Court at the time, either by exception or request for clarification. *Burke* v. *Railroad*, 82 N. H. 350, 361. *Cf. Perlman* v. *Haigh*, 90 N. H. 404. Having accepted the instruc-

tions, it may not afterward successfully claim that they failed to accomplish the intended result.

*Exceptions overruled.*

All concurred.