111 N.H. 222 (1971)
DORIS W. FERGUSON
v.
CITY OF KEENE.
No. 6108.
Supreme Court of New Hampshire.
June 30, 1971.
*223 Howard B. Lane (by brief and orally) for the plaintiff.
Eric K. Kromphold, Jr. (by brief and orally) for the defendant.
GRIFFITH, J.
This is the same case that was before this court in Ferguson v. Keene, 108 N.H. 409, 238 A.2d 1 (1968), upon a demurrer to plaintiff's declaration.
Plaintiff alleged that defendant was the owner and operator of an airport located in Swanzey, New Hampshire and that beginning in 1962 an area behind the plaintiff's house was utilized as a warm-up or holding area for jet planes prior to take-off. It was further alleged that as a result of this activity windows were broken in plaintiff's home and the value of her property substantially reduced because of the noise and dust from the planes in the warm-up area. Plaintiff claimed damages for the diminution in value of her property both on the basis of inverse condemnation and nuisance. This court held that in the absence of overflights the inverse condemnation count could not be maintained but plaintiff was entitled to proceed on the nuisance claim. Trial of the case resulted in a verdict for the plaintiff in the amount of $9500 for diminution in value to the plaintiff's property caused by defendant's maintenance of the nuisance. The Trial Court (Dunfey, J.) reserved and transferred the defendant's exceptions. Defendant relies in its brief and argument on its exceptions to the denial of motions for nonsuit and directed verdict.
In 1957, the defendant took by eminent domain a portion of the plaintiff's land as part of its program of airport expansion. The extensions of the runway which brought the southerly end of the north-south runway some 680 feet west of the plaintiff's house were made in 1959 and 1962. Beginning in 1963, prop-jet commerical flights used this runway. The nuisance complained of by the plaintiff occurred when planes were taking off in the south to north pattern. There was testimony that prop-jet planes would be held in position from a few minutes to fifteen minutes in the apron nearest the house. At such times there would be a high pitched *224 noise, making conversation in the house impossible and shattering windows. While less than fifty percent of commercial flights took off in this pattern there was testimony from which a jury could find that nineteen windows were broken, that the noise and dust forced abandonment of outdoor cookouts, that dust seeped into the house, and that plaintiff's use of the house was generally restricted and made unpleasant by the planes on the warm-up apron.
Defendant argues first that at the time of the taking of a portion of plaintiff's land in 1957, plaintiff's husband, a joint tenant of the property, was then alive and fully informed of the proposed runway extensions. Because of this defendant argues that plaintiff's acceptance of the 1957 award must have included the present nuisance claim and the trial court should have ruled as a matter of law that plaintiff was estopped to maintain it. The injury plaintiff complains of was not within the contemplation of the parties in 1957. The present claim rests not on the extension of the runways or overflights but on the use of the runway in a particular way that resulted in the damage to the plaintiff. Eaton v. B. C. & M.R.R., 51 N.H. 504, 509 (1872). The trial court properly denied defendant's motion to dismiss based on this claim since a jury could find that the nuisance was an occurrence neither party had any reason to anticipate. 27 Am. Jur. 2d Eminent Domain s. 450, at 368 (1966).
The theory of inverse condemnation was developed to permit recovery against the government in suits arising from airport operation, United States v. Causby, 328 U.S. 256, 90 L. Ed. 1206, 66 S. Ct. 1062 (1946); Ackerman v. Port of Seattle, 55 Wash. 2d 400, 348 P.2d 664 (1960); Annot., 77 A.L.R.2d 1355 (1961). However as was pointed out in Ferguson v. Keene, 108 N.H. 409, 238 A.2d 1 (1968), a municipality is liable as any other owner if the use of its property results in a nuisance. Id. at 410, 238 A.2d at 2; Proulx v. Keene, 102 N.H. 427, 430-31, 158 A.2d 455, 457 (1960); Webb v. Rye, 108 N.H. 147, 150, 230 A.2d 223, 226 (1967). Accordingly if the plaintiff's evidence established a case of nuisance against the defendant the verdict here must stand.
Defendant in this case was liable if the harm imposed upon the plaintiff was "greater than it is reasonable to require [her] to bear under the circumstances, without compensation." Restatement (Second) of Torts s. 822, note at 31 (Tent. Draft No. 17, *225 1971). The circumstances include balancing the utility of the use against the gravity of the harm suffered by the plaintiff and if it meets the above test plaintiff is entitled to damages even though she could not obtain an injunction. Antonik v. Chamberlain, 81 Ohio App. 465, 78 N.E.2d 752 (1947).
The plaintiff in this case did not seek to abate the nuisance but sought damages. "In estimating the damage to real estate where the harm is to the value of the premises, the difference is taken between the value of the premises before and after the nuisance where the nuisance in not abatable." 1 Harper & James, Law of Torts s. 1.30, at 92 (1956). The plaintiff here presented expert testimony which supported the verdict for the diminution in value resulting from the nuisance. The jury were properly instructed to balance the utility of defendant's use against the harm to the plaintiff. The evidence supported a finding that the damage she suffered was one that under the circumstances she ought not to be required to bear without compensation.
Defendant's exceptions overruled.
All concurred.