Rockingham
No. 6558

### THOMAS J. MORRIS v. JACOB CIBOROWSKI

October 31, 1973

*McLane, Carleton, Graf, Greene & Brown (Mr. Stanley M. Brown* orally) for the plaintiff.

*Stanley, Tardif & Shapiro (Mr. R. Peter Shapiro* orally) for the defendant.

Per curiam. This is an action in trespass to recover damages resulting from the construction and operation of an airport. The primary issue is the sufficiency of the evidence to support the $26,000 verdict awarded the plaintiff by the jury.

This case concerns the same airfield involved in *Rye v. Ciborowski*, 111 N.H. 77, 276 A.2d 482 (1971). The defendant Ciborowski owns the airfield which abuts the residential property of plaintiff Morris in Rye. Plaintiff alleged that defendant intentionally trespassed upon his land to create a "clear zone" over plaintiff's land. Plaintiff claimed damages for the conversion or destruction of plaintiff's trees, shrubs and wire fence, the fouling of a stream feeding plaintiff's pond, the interruption of plaintiff's right of pasturage, and the destruction of plaintiff's right of way over defendant's land. The plaintiff also claimed damage to the use and enjoyment of his entire residential property occasioned by unreasonably low airplane overflights.

The trial court found insufficient evidence of a right of pasturage to submit that element of damages to the jury,

but charged the jury on the other damages. The jury returned a verdict for the plaintiff in the amount of $26,000. The defendant seasonably excepted to the denial of his motion to set aside the verdict, not only on the grounds that it was excessive and unwarranted by the evidence, but also on the grounds that the jury misunderstood both the evidence and the judge's charge relating to "what damages could lawfully be awarded to the plaintiff". The defendant also seasonably moved and excepted to the court's denial of his motion "that the verdict . . . shall not bear interest until the date of the verdict." The Court (*Griffith*, J., by designation) reserved and transferred all questions of law raised by defendant's exceptions of record.

New counsel appeared for the defendant on appeal. The defendant's brief urges the setting aside of the verdict on the basis among others of alleged confusing and prejudicial factors relating to the trial atmosphere, including the difference in status of the parties, the conduct of the view, the size of defendant's estate, and numerous other miscellaneous matters. No reason appears to disturb the verdict on these grounds. The issue remaining to be decided is the excessiveness of the verdict. *Eastman v. Waisman,* 94 N.H. 253, 254, 51 A.2d 151, 152 (1947); *Freeman v. Pacific Mills,* 84 N.H. 383, 385, 151 A. 707, 708 (1930).

Plaintiff Morris' evidence shows that the defendant Ciborowski needed to create a "clear zone" for his airfield over a portion of plaintiff Morris' land in order to obtain commercial airport site approval from the New Hampshire Aeronautics Commission. Ciborowski approached Morris several times with offers to buy this land. On at least one occasion, they walked over the property while Morris showed Ciborowski the boundaries, trees transplanted by Morris, and other of Morris' rights in the land, none of which Morris wished to sell. Morris also walked this area with Ciborowski's attorney and was assured by the attorney that if Ciborowski moved onto Morris' land, Morris would be sufficiently forewarned to seek injunctive relief. Even after this, Ciborowski continually asked and finally demanded that Morris sell him the land. This prompted Morris to again ask Ciborowski's counsel for advance notice of Ciborowski's movement on

Morris' land, whereupon Morris found that Ciborowski's counsel was withdrawing from the case. Finally on November 3, 1967, Ciborowski cleared part of the parcel he had continually tried to buy, destroying or removing shrubs and trees, boundary lines, fences, fouling a brook, and interfering with Morris' other incidents of ownership.

On this evidence the jury could find not only the usual elements of compensatory damages for this trespass, but also that defendant Ciborowski committed this trespass deliberately and that "the act involved is wanton, malicious, or oppressive", thus allowing the compensatory damages to "reflect the aggravating circumstances." *Vratsenes v. N.H. Auto, Inc.,* 112 N.H. 71, 73, 289 A.2d 66, 68 (1972). Plaintiff's evidence shows that in the leveling, Ciborowski either converted or destroyed 400 to 600 of Morris' transplanted trees on the land, valued at up to $6,000. This evidence is competent as a measure of damage value instead of the before-and-after valuation of the land, either on the basis of conversion by a bad faith converter (Restatement (Second) of Torts § 927 (2) (a), Comment *f* at 212 (Tent. Draft No. 19, 1973)) or on the basis of the value of the transplantable trees after their severance or as destroyed. *Id.* § 929 (2), Comments *f* and *g* at 227 and cases footnoted therein.

Plaintiff also introduced evidence of the replacement cost of $10,000 for 30 to 40 additional mature trees also destroyed on the land which was cleared. Replacement cost is allowable as a measure of damages instead of the value of the land before and after the harm where, as here, there is substantial evidence of the owner's personal residential and recreational use of the land. *Id.* § 929 (1) (a), Comment *b* at 225-26; Annot., 69 A.L.R.2d 1335, 1370 (1960); *see Delay Company v. Carey,* 91 N.H. 44, 13 A.2d 152 (1940); *Hahn v. Hemenway,* 96 N.H. 214, 72 A.2d 463 (1950).

An additional element of plaintiff's claim for damages concerns the reduction in the fair market value of the entire Morris residential property caused by low overflights of planes landing and taking off from the airstrip as a result of Ciborowski's creation of a clear zone over a part of the Morris land. The plaintiff introduced evidence of the interference with the use and enjoyment of his entire residential

estate caused by the unreasonable low overflights that occurred since the creation of the clear zone in November of 1967 up until the time of trial. As to overflights that will occur after trial, there was sufficient evidence to project 15 overflights per month by two airplanes in accordance with the zoning variance upheld by this court in *Rye v. Ciborowski*, 111 N.H. 77, 276 A.2d 482 (1971). Plaintiff is entitled to compensatory damages for those past, present, and future overflights on the basis of a permanent private nuisance. *Troy v. Cheshire R.R.*, 23 N.H. 83, 102 (1851); *Ferguson v. Keene*, 111 N.H. 222, 279 A.2d 605 (1971); Restatement (Second) of Torts § 930 (1) and § 910 (Tent. Draft No. 19, 1973); *see Rye v. Ciborowski, supra* at 79, 276 A.2d at 485; *see* D. Dobbs, Handbook on the Law of Remedies § 5.4 (1973); Annot., 10 A.L.R.2d 669 (1950). The plaintiff introduced evidence through an expert witness that damage by this permanent nuisance amounted to $10,000 based on the diminution in the fair market value of the Morris estate at the time of trial because of the overflights. *See Proulx v. Keene,* 102 N.H. 427, 158 A.2d 455 (1960). When there is a permanent nuisance by an intentional wrongdoer, the measure of damages may be the diminution in fair market value at the time of trial. *See Barker v. Company,* 78 N.H. 571, 572, 103 A. 757, 758 (1918).

We are of the opinion that it was sufficiently clear that the evidence of diminution in value of the entire property related only to the diminution due to overflights and did not include the damage due to the clearing of the land and the removal of the trees, but was in addition thereto. The trial judge's denial of defendant's motion to set aside the verdict as excessive constituted a finding of fact which is entitled to great weight. *Valliere v. Filfalt,* 110 N.H. 331, 266 A.2d 843 (1970); *Haney v. Burgin,* 106 N.H. 213, 208 A.2d 448 (1965). We cannot say on the record before us that the verdict "exceeds any rational appraisal of the damages or is manifestly exorbitant" (*Jackson v. Leu-Pierre,* 112 N.H. 406, 409, 296 A.2d 902, 904 (1972)) in view of the evidence of malice which permitted the application of a more liberal rule of damages. *Vratsenes v. N.H. Auto, Inc.,* 112 N.H. 71, 289

568

A.2d 66 (1972); *cf. Loney v. Parsons,* 111 N.H. 353, 284 A.2d 910 (1971).

After verdict, the trial court denied defendant's motion that interest on the verdict should run from the date of the verdict and not the date of the writ. This denial was proper. RSA 524:1-b (Supp. 1972) states that in the case of "pecuniary damages . . . for damage to property, . . . for any other type of loss for which damages are recognized, . . . ." interest shall be added from the date of the writ.

*Defendant's exceptions overruled.*

GRIFFITH, J., did not sit.