Rockingham
No. 7234

ROLAND A. SOUCY & *a.*

v.

NORMAN F. ROYAL & *a.*

March 31, 1976

*Shute, Engel & Frasier (Mr. David C. Engel* orally) for the plaintiffs.

*Shaines, Madrigan & McEachern* and *Dan W. Thornhill (Mr. Paul McEachern* orally) for the defendants.

GRIMES, J. The issues involved in this action in trespass and nuisance due to encroachment of buildings may be reduced to two questions: Whether the lower court erred in its charge to the jury as to the proper measure of damages; and whether the court erred in allowing admission of certain expert testimony. All questions of law raised by the defendants' exceptions were allowed and transferred at the close of the trial by *Dunfey,* J.

Plaintiffs and defendants are owners of adjoining property in Hampton Beach. Since 1961, plaintiffs have operated a small hotel and cabins for summer tourists on their property. In 1971, plaintiffs began to also operate a small grocery store. In 1956, defendants erected a motel in the rear of their property and in 1968 constructed an addition to this motel, which addition is the subject of this litigation. Plaintiffs brought an action in trespass and nuisance claiming that the motel addition encroached upon their property, and further that the construction of the roof, gutters and downspouts caused plaintiffs' land to be flooded by water and snow, resulting in an undermining of the foundation, sills and other portions of plaintiffs' buildings. It was also claimed that the air conditioners and jalousie windows protruded over onto plaintiffs' property. At the close of the evidence, the jury returned a verdict of $13,000 for the plaintiffs.

In its charge to the jury on damages, the court at one point stated that damages were to be determined by the difference in the fair market value of plaintiffs' property before the trespass and the fair market value of the property after the trespass. This essentially is the rule of damages for nuisance as stated by this

court in *Ferguson v. Keene*, 111 N.H. 222, 279 A.2d 605 (1971). At a later point in its charge, the court instructed the jury to base its determination of damages on the difference in the fair market value of the property with the trespass and/or nuisance and the fair market value without the trespass and/or nuisance, determined as of the time of the trial. The standard of damages based on the diminution of the fair market value of the property determined as of the day of trial was announced by this court in *Morris v. Ciborowski*, 113 N.H. 563, 311 A.2d 296 (1973). The defendants urge that referring to both standards would tend to confuse and mislead the jury in its determination of the proper measure of damages. We disagree.

In *Ferguson v. Keene supra*, no rule was articulated as to the time when the test of damages should be applied in a case such as in the instant situation. Where, as in an eminent domain case, part of a parcel of land is taken, the effect of the loss on the value of the property as a whole may ordinarily be immediately determined. But in cases like the present one, the damage done by the trespass and nuisance could be found to have extended beyond the mere loss of the land encroached upon and in such case additional elements of damage could not have been fully manifested at the time the defendants' addition was built. To determine the true effect of the nuisance on the value of the property, the prospective buyer would have to know the full extent of these additional invasions and their effect. One reason for restricting the test to the time of the taking in eminent domain cases is to exclude from consideration any increase in value created by the improvement for which the land is taken. No such situation exists in cases of private trespasses and nuisances such as in this case.

A fairer statement of the test in cases of this kind is that the damages are to be determined by the difference between the value of the property with and without the trespass and nuisance at a time when the "effects of the injurious conditions have been revealed in their full extent." Restatement (Second) of Torts § 930, Comment on subsection (3) d (Tent. Draft No. 19, 1973). In *Morris v. Ciborowski*, 113 N.H. at 567, 311 A.2d at 299, we held that on the facts of that case, the test was the "diminution in fair market value at the time of trial." There do not appear to be many cases which have considered the question of when the diminution in value is to be determined in cases of this nature, nor does there seem to be agreement among those that have considered the problem. *See* 22 Am. Jur. 2d *Damages* § 134 (1965); 58

Am. Jur. 2d *Nuisances* § 121, at 689 (1971); 1 F. Harper & F. James, Torts § 1.30, at 92 (1956).

The *Restatement (Second) of Torts* adopts the view that the test of damages is to be applied as of the time the injurious effects have been revealed to their full extent. This is not always an easy time to identify. Under the circumstances of this case, however, we cannot say that the trial judge erred in choosing the time of trial in his instructions.

The time when the addition was completed was certainly not the proper time to apply in this case. Further, there was no claim that any intermediate time was applicable or that defendants were prejudiced by the failure of the court to choose an intermediate time. Moreover, the only expert testimony offered by the plaintiffs did relate to the intermediate time of 1971, three years after completion of the addition and three years before trial. Defendants urge that this evidence should have been excluded and that it does not support the verdict. It is claimed that since there was no evidence of the value of the property before the trespass, no comparison could be made to arrive at the amount of damages. The adoption of the diminution in value test in this case at a time after completion of the addition makes the evidence of the before trespass value unnecessary since the test is the difference in value with the addition compared to the value without it.

The fact that the testimony related to an intermediate time did not make it inadmissible. It was not so remote from the time of trial as to be irrelevant and in any event the fact that it related to an earlier time could not, according the defendants' own argument, have been prejudicial to them.

This leaves the question whether by referring in the charge to both the "just before and just after the trespass" value and later to the difference in value at the time of trial misled the jury. Although it is true that these instructions are inconsistent, we do not believe that the defendants were prejudiced by them. We have held that it was not error to apply the time of trial test in this case. It was this time which was mentioned last and which received the most emphasis by the court. We cannot say, therefore, that the reference to the earlier time misled the jury.

*Exceptions overruled.*

All concurred.

ON REHEARING: After the foregoing opinion was filed, the defendant's motion for rehearing was granted.

*Shaines, Madrigan & McEachern* and *Dan W. Thornhill (Mr. Paul McEachern* orally) for the motion.

*Shute, Engel & Frasier (David C. Engel* orally) opposed.

GRIMES, J.   On rehearing, defendants reargued their claim that the conflicting instructions on damages confused and misled the jury and also contended that the test of the difference in value in 1968 just before the nuisance and just after was the law of the trial because the trial court so stated to counsel at trial.

A reexamination of the record shows, however, that counsel for the defendants understood the charge to refer to the difference in market value at the time of trial with and without the nuisance and that he excepted to the charge for that reason. Nowhere, however, do we find that counsel called the court's attention to any inconsistency in the charge so that it could be corrected. *Coos Lumber Co. v. Builders Supply Co.,* 105 N.H. 323, 199 A.2d 545 (1964); *Jolicoeur v. Conrad,* 106 N.H. 496, 213 A.2d 912 (1965).

We also fail to see how defendants are prejudiced by the inconsistency. If the jury understood the charge as counsel apparently did and applied the "with and without nuisance" test as of the time of trial it followed the correct law. If, however, it applied the "before and after" test as of 1968, defendants cannot complain as that is the test they wanted.

Nor do we find any statement of the trial court to counsel that bound the court to the test of the "before and after" value as of 1968. The court in colloquy during the trial referred to the "fair market value given the nuisance and absent the nuisance"; to "the fair market value of the property absent the nuisance, and the fair market value of the property after the creation of the nuisance"; and to "absent the nuisance and the recreation of the nuisance, that difference". Although *Ferguson v. Keene,* 111 N.H. 222, 279 A.2d 605 (1971) was mentioned, the court did not state that it was adopting that rule. In fact after the defendants' objection to the charge, the court stated that "I believe that the current state of the law is that if they were to . . . find [a permanent nuisance] there could be one recovery only measured as of the time of trial" and then mentioned *Morris v. Ciborowski,* 113 N.H. 563, 311 A.2d 296 (1973).

After a careful consideration of defendants' claim we find no reason to modify our previous opinion which is hereby affirmed.

*Former result affirmed.*

All concurred.

June 30, 1976