Malone v. Cemetary St. Dev.          CV-94-339-B   02/17/95
                    UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF NEW HAMPSHIRE


Steven E. Malone and John Cady

      v.                                    No. 94-339-B

Cemetary Street Development, Inc.
and Raymond W. Godbout


                          **O R D E R**

      The parties' dispute arose from a joint real estate
development venture that collapsed when the defendants dismissed
plaintiff Cady from the group.  Plaintiffs sued alleging breach
of contract, intentional and negligent misrepresentation, and
quantum meruit.  They also seek enhanced compensatory damages.
Defendants counterclaimed alleging breach of contract.  Pending
before me are: (1) the plaintiffs' petition to attach real
estate; (2) defendants' motion to dismiss the breach of contract
and negligent misrepresentation counts; (3) defendants' motion
for summary judgment on plaintiffs' quantum meruit claim against
defendant Godbout and their claim for enhanced compensatory
damages; and (3) defendants' claim for a more particular
statement of plaintiffs' fraud allegations.  I address each
pleading separately beginning with the defendants' motions.

# I. DEFENDANTS' MOTION TO DISMISS

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), this court must accept all material allegations as true and may grant dismissal only if no set of facts entitles the plaintiffs to relief. Vartanian v. Monsanto Co., 14 F.3d 697, 700 (1st Cir. 1994). I review the copy of the parties' agreement, that is attached as an exhibit to the complaint, as part of the complaint. Fed. R. Civ. P. 10(c); In re Lane, 937 F.2d 694, 696 (1st Cir. 1991). I draw reasonable inferences from the pleadings in the light most favorable to the plaintiffs. Berniger v. Meadow Green-Wildcat Corp., 945 F.2d 4, 6 (1st Cir. 1991).

Defendants move to dismiss plaintiffs' breach of contract claim asserting that no enforceable contract existed to support plaintiffs' claim. Defendants also contend that plaintiffs' negligent misrepresentation claim fails to state a cause of action. I begin with the breach of contract claim.

## A. Breach of Contract

The plaintiffs' complaint alleges that defendant Godbout, who was the president and controlling shareholder of Cemetary Street Development, Inc. ("CSD"), met with the plaintiffs, Steven Malone and John Cady, beginning in May 1993 for advice and

assistance in developing land owned by CSD.  The parties signed a memorandum of understanding on September 8, 1993, which is the agreement appended to the complaint.  The agreement states that the parties intend to form a joint venture partnership to develop the land and it provides the structure for their joint venture partnership agreement.  It also says "[t]he details of this agreement will be more fully described in a Formal Partnership Agreement."  As alleged, the plaintiffs worked toward developing the property until January 1994 when the defendants terminated their business relationship with Cady.  No formal partnership agreement was executed.  The plaintiffs allege that the defendants breached the memorandum of understanding by terminating the parties' business relationship without paying the plaintiffs for their services.

In order to state a breach of contract claim, plaintiffs must allege that they had an enforceable contract with the defendants.  Moreover, whether an alleged contract is legally sufficient is a question of law for the court to decide.  See Provencal v. Vermont Mut. Ins. Co., 132 N.H. 742, 745 (1990).  Here, plaintiffs base their contention that they had an enforceable contract with CSD solely on the single-page "Memorandum of Understanding" attached to the complaint.  They do

3

not contend that the parties intended additional terms to be inferred from their course of dealing, from the express terms in the document, or from other agreements. Thus, in evaluating defendants' motion to dismiss the breach of contract count, I must determine whether this document, on its face, constitutes an enforceable contract.

It is axiomatic that a contract is not enforceable unless it is supported by adequate consideration. "Consideration is essential to all contracts, and may consist either in a benefit to the promisor or a detriment to the promisee." Chasan v. Village District of Eastman, 128 N.H. 807, 816 (1986) (citations omitted). Moreover, consideration must be mutual, that is "a legal detriment to the promisee (with a corresponding legal benefit to the promisor), and . . . a bargained-for exchange." Appeal of Lorden, 134 N.H. 594, 600 (1991).

The agreement at issue in the present case does not obligate the plaintiffs to do anything. Nor does it confer any benefit on the defendants. Thus, the memorandum of understanding is not an enforceable contract because it lacks the mutuality of obligation necessary for adequate consideration. See, e.g., Albee v. Wolfeboro Railroad Co., 126 N.H. 176, 180 (1985). Accordingly, I grant defendants' motion to dismiss the breach of

4

contract count.

**B.**   **Negligent Misrepresentation**

Plaintiffs allege that defendants "represented to Plaintiffs that the Plaintiffs would be reimbursed for their services in accordance with the terms of the contract."  The complaint continues that plaintiffs relied on the representations and performed services for the defendants while the defendants "knew, or should have known, that their representations were false." Finally, the claim concludes that "Defendants have breached their duties by terminating the contract between the parties" and that the plaintiffs have suffered damages as a result.

The elements of negligent misrepresentation are "the defendant's negligent misrepresentation of a material fact and the plaintiff's justifiable reliance on that misrepresentation." Hydraform Prods. Corp. v. American Steel & Aluminum Corp., 127 N.H. 187, 200 (1985) (citing Ingaharro v. Blanchette, 122 N.H. 54, 57 (1982)).  A representation is negligently made "when the representor fails to use reasonable care in ascertaining the facts."  Island Shores Estates Condominium Ass'n v. Concord, 136 N.H. 300, 305 (1992).  Also, a relationship must exist between the representor and the person relying on the representation that creates a duty to provide accurate and truthful information.

5

Id. at 306.  Ordinarily, a promise of future action is not a statement of fact and will only give rise to a cause of action for negligent misrepresentation if the promise implies "a statement of material fact about the promisor's intention and capacity to honor the promise."  Hydraform, 127 N.H. at 200; see also Munson v. Raudonis, 118 N.H. 474, 477 (1978).  Thus, a claim for negligent misrepresentation by a promise of future performance will lie only if the promisor negligently represents either his intent to perform or his capacity to perform as promised.

Plaintiffs base their negligent misrepresentation claim on Godbout's alleged misrepresentation concerning CSD's intention rather than its capacity.  Intentions are conscious thoughts.  Except perhaps in extraordinary circumstances not present here, a person cannot unintentionally but negligently misrepresent his own intentions.  Thus, any misrepresentation claim based upon a speaker's misrepresentations of his own intentions must ordinarily be premised on an intentional misrepresentation theory.

In this case, plaintiffs charge that Godbout misrepresented CSD's intentions.  Although in some instances a person may negligently misrepresent a third party's intentions, it is

6

undisputed here that Godbout is the president and controlling shareholder of CSD. Under these circumstances, CSD's intentions are his intentions, and Godbout could not unintentionally but negligently misrepresent CSD's intention to compensate the plaintiffs for their services.[1] Accordingly, plaintiffs' negligent misrepresentation claim is dismissed.

## II. DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Defendants move for summary judgment with respect to the plaintiffs' claim for enhanced compensatory damages and on plaintiffs' quantum meruit claim against Godbout. Summary judgment is only appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A "genuine" issue is one "that properly can be resolved only by a finder of fact because [it] may reasonably be resolved in favor of either party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250

_____

[1] Plaintiffs' intentional misrepresentation claim is stated in count two and has not been challenged by the defendants.

7

(1986).  A "material issue" is one that "affect[s] the outcome of the suit . . . ."  Id. at 248.  The burden is on the moving party to aver the lack of a genuine, material factual issue, Finn v. Consolidated Rail Corp., 782 F.2d 13, 15 (1st Cir. 1986), and the court must view the record in the light most favorable to the non-moving party, according the nonmovant all beneficial inferences discernable from the evidence.  Oliver v. Digital Equip. Corp., 846 F.2d 103, 105 (1st Cir. 1988).  If a motion for summary judgment is properly supported, the nonmovant may not rely on the pleadings to avoid summary judgment but must set forth specific facts to show a genuine issue for trial.  Lucia v. Prospect St. High Income Portfolio, 36 F.3d 170, 174 (1st Cir. 1994).  I begin with the claim for enhanced compensatory damages.

A.  **Enhanced Compensatory Damages**

New Hampshire allows enhanced compensatory damages only in limited circumstances: "when the act involved is wanton, malicious, or oppressive."  Vratsenes v. N. H. Auto., 112 N.H. 71, 73 (1972); see also Munson, 118 N.H. at 479.  Also, enhanced damages have been "reserved for intentional torts committed under exceptionally unsavory circumstances."  DCPB, Inc. v. Lebanon, 957 F.2d 913, 915 (1st Cir. 1992).

Defendants challenge plaintiffs' claim for enhanced damages with defendant Godbout's affidavit stating that he acted in good faith and never bore ill will, malice or hatred toward plaintiffs. Plaintiffs respond that the circumstances of the business arrangement and defendant's actions warrant enhanced damages. In support of their claim, plaintiffs attach the affidavit of plaintiff Malone who recounts the dealings between the plaintiffs and defendants, that they met through an intermediary, that plaintiffs provided advice and assistance in developing the property, that they agreed to specific terms for their limited partnership agreement, and that defendants terminated their relationship before plaintiffs received any payment. Malone concludes:

> Based on the facts set forth above, it is my view that the Defendants got John Cady and me to perform all of the services outlined above on their behalf and, after the work was performed and the Defendants benefited therefrom, the Defendants are now seeking to back out of the contract. To me this is malice, ill will, or hatred towards the Plaintiffs.

Beyond the failure of the business arrangement, plaintiffs offer no specific facts of egregious conduct by defendants to show wanton, malicious or oppressive actions against plaintiffs. Cf., e.g., Wilko of Nashua, Inc. v. TAP Realty, Inc., 117 N.H. 843, 848-50 (1977) (holding that defendant's alteration of an

9

assignment of a lease, recording the fraudulent document, and refusal to withdraw the fraudulent assignment constituted aggravating circumstances supporting enhanced damages); Morris v. Ciborowski, 113 N.H. 563, 566 (1973) (affirming enhanced damages where defendant tried unsuccessfully to buy land and then intentionally "cleared part of the parcel he had continually tried to buy, destroying or removing shrubs and trees, boundary lines, fences, fouling a brook, and interfering with [the plaintiff's] other incidents of ownership"). Nor have they attempted to support their theory in count two of the complaint that defendants intentionally misrepresented their intentions to compensate plaintiffs for their services beyond Malone's opinion in his affidavit. Thus, plaintiffs ask this court to infer malice from the defendants' termination of their business arrangement before plaintiffs received their expected compensation or based on Malone's opinion of the defendants' intentions.

Under the summary judgment standard this court must draw reasonable inferences in favor of the nonmovant, the plaintiffs here. However, to be reasonable, "a suggested inference must ascend to what common sense and human experience indicates is an acceptable level of probability." National Amusements, Inc. v.

10

<u>Dedham</u>, No. 91-1176, slip op. at 27 (1st Cir. January 4, 1995). This court is not obliged "to draw unreasonably speculative inferences." <u>Mesnick v. General Electric Co.</u>, 950 F.2d 816, 826 (1st Cir. 1991), <u>cert. denied</u>, 112 S. Ct. 2965 (1992). Although questions of state of mind and intent are generally left for the jury, "summary judgment may be appropriate if the nonmoving party rests merely upon conclusory allegations, improbable inferences, and unsupported speculation." <u>Goldman v. First Nat'l Bank</u>, 985 F.2d 1113, 1116 (1st Cir. 1993).

The plaintiffs have not shown "exceptionally unsavory circumstances" that would allow an award of enhanced damages. See <u>DCPB, Inc.</u>, 957 F.2d at 915. I find no logical connection between the failure of the parties' business relationship, as described by Malone, and his conclusion that the defendants bore him malice, hatred, and ill will. Moreover, plaintiffs have not attempted to respond to the motion by providing evidentiary support for their intentional misrepresentation claim. The mere fact that the plaintiffs did not receive the compensation they expected for their services does not rise to the level of malice by the defendants. The plaintiffs offer nothing more than the unhappy circumstances of a failed business relationship.

When the nonmovant bears the burden of proof at trial on an

issue and, in opposing summary judgment, fails to make a showing sufficient to sustain an element of the claim, "the failure of proof as to an essential element necessarily renders all other facts immaterial, and the moving party is entitled to judgment as a matter of law."  Smith v. Stratus Computer, Inc., 40 F.3d 11, 12 (1st Cir. 1994).  Because plaintiffs have failed to counter defendant's affidavit that he bore no malice, ill will or hatred toward the plaintiffs, they have failed to carry their burden of proof on enhanced damages.  Summary judgment is granted in favor of the defendants on count four and enhanced damages are not available in this case.

### B.  Godbout's Personal Liability for Quantum Meruit Claim

Under the equitable doctrine of unjust enrichment, "one shall not be allowed to profit or enrich himself at the expense of another contrary to equity."  Pella Windows & Doors v. Faraci, 133 N.H. 585, 586 (1990) quoting (Cohen v. Frank Developers, Inc., 118 N.H. 512, 518 (1978)).  The remedy provided by quantum meruit allows a claimant to recover the reasonable value of his services despite the absence of a contract or even if he is in material breach of contract.  See Adkin Plumbing & Heating Supply Co. v. Harwell, 135 N.H. 465, 467 (1992); Burgess v. Queen, 124 N.H. 155, 161-62 (1983); R. J. Berke & Co. v. J. P. Griffin,

12

<u>Inc.</u>, 116 N.H. 760, 764 (1976).

Defendants move for summary judgment on behalf of defendant Godbout on the grounds that only CSD allegedly benefitted from plaintiffs' services, not Godbout individually.  They argue that an individual shareholder cannot be held liable for the debts of the corporation.  Plaintiffs first respond that Godbout is liable in quantum meruit based upon their allegations that he intentionally and negligently misrepresented CSD's intention to perform their agreement to form a limited partnership.  Next they argue that Godbout should be held liable for CSD's obligations to prevent fraud and injustice.

I find no merit in plaintiffs' argument that Godbout's alleged misrepresentations render him liable for corporate obligations in quantum meruit.  The complaint alleges benefit only to CSD which owned the property and plaintiffs have not offered proof that Godbout individually benefitted from the services they allegedly performed.  In order to hold Godbout personally liable for CSD's alleged corporate liability, the plaintiffs must offer properly supported facts showing circumstances that would require the equitable remedy of "piercing the corporate veil."  <u>See</u> <u>Terren v. Butler</u>, 134 N.H. 635, 639-41 (1991).  This they have not done.  Mere invocation of

13

a legal theory will not stave off summary judgment when the moving party has met its burden by showing the absence of disputed facts on the issue. I grant summary judgment in favor of Godbout on plaintiffs' claim for quantum meruit.

### III. <u>DEFENDANTS' MOTION FOR A MORE PARTICULAR STATEMENT</u>

Defendants ask that the plaintiffs be ordered to state the circumstances that they allege constitute fraud with greater particularity pursuant to Federal Rule of Civil Procedure 9(b). They contend that two paragraphs, thirty and thirty-one, are ambiguous as to whether the alleged misrepresentations are only in the agreement or whether the plaintiffs allege other misrepresentations in addition to the agreement. Plaintiffs respond that the complaint sufficiently notifies the defendants of the claim against them.

In a diversity case, a challenge to the particularity of pleading fraud raises a procedural question to be resolved under the Federal Rules of Civil Procedure rather than an issue of the substantive elements of fraud governed by state law. <u>Hayduk v. Lanna</u>, 775 F.2d 441, 443 (1st Cir. 1985). Rule 9[2] "requires

_____

[2] Federal Rule of Civil Procedure 9(b) provides:
In all averments of fraud or mistake, the

14

specification of the time, place, and content of an alleged false representation, but not the circumstances or evidence from which fraudulent intent could be inferred." McGinty v. Beranger Volkswagen, Inc., 633 F.2d 226, 228 (1st Cir. 1980). The particularity requirement of Rule 9 is intended "(1) to place the defendants on notice and enable them to prepare meaningful responses; (2) to preclude the use of a groundless fraud claim as a pretext to discovering a wrong or as a 'strike suit'; and (3) to safeguard defendants from frivolous charges which might damage their reputations." New England Data Services, Inc. v. Becher, 829 F.2d 286, 289 (1st Cir. 1987). The rule prevents a plaintiff from alleging fraud first and then using discovery to search for circumstances to support the claim. Hayduk, 775 F.2d at 443. But see New England Data Services, 829 F.2d at 291 (holding that in mail fraud cases the plaintiff must be allowed some discovery in order to plead particular circumstances that are peculiarly within the control of the defendant).

In their intentional misrepresentation claim, the plaintiffs allege in paragraph D that "[t]he defendants, through the actions

_____

circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge and other condition of mind of a person may be averred generally.

15

of Defendant Godbout, misrepresented to the Plaintiffs that CSD would pay the Plaintiffs for their services under the terms set forth in the contract." This allegation, based on the contract, sets forth the parties involved, the place and content of the alleged misrepresentation, and, in context, sets the time between September 1993 and January 1994. The plaintiffs' next paragraph says: "The Defendants represented to the Plaintiffs that CSD would pay the Plaintiffs for their services with the intention to induce the Plaintiffs' reliance on said representations and to perform said services." This paragraph is much less explicit as to date and the source of the representation. The defendants' concern is whether plaintiffs are alleging misrepresentation based solely on the parties' agreement or whether they are alleging other promises to pay for plaintiffs' services. The defendants' apprehension is well conceived as the second paragraph, based on its terms and context, seems to allege misrepresentations other than those alleged in the previous paragraph but without the necessary detail.

Plaintiffs must amend their complaint within twenty days of the date of this order to describe in detail the time, place, and manner of the alleged misrepresentations referred to in paragraph thirty-one of the original complaint. If plaintiffs do not amend

16

their complaint within the time provided, paragraph thirty-one will be stricken from the complaint.

## IV. PLAINTIFFS' PETITION FOR AN ATTACHMENT

The plaintiffs petition for permission to place an attachment on the real estate of the defendants, Godbout and CSD, for the amount of $927,840 plus costs, attorneys' fees, and enhanced compensatory damages. The availability of a prejudgment attachment is determined in federal court by applying the applicable law of the forum state. Fed. R. Civ. P. 64; Diane Holly Corp. v. Bruno & Stillman Yacht Co., 559 F. Supp. 559, 560 (D.N.H. 1983). In New Hampshire, prejudgment attachments may be granted only after notice to the defendant, and upon defendant's objection, following a hearing. N.H. Rev. Stat. Ann. 511-A:2 & 511-A:3 (1983). At the hearing, "the burden shall be upon the plaintiff to show that there is a reasonable likelihood that the plaintiff will recover judgment including interest and costs on any amount equal to or greater than the amount of the attachment." N.H. Rev. Stat. Ann. 511-A:3.

At this juncture, where several of plaintiffs' claims have been eliminated, the current petition to attach no longer addresses the merits of the plaintiffs' case. In fairness to

17

both sides, I dismiss the present petition without prejudice to allow the plaintiffs to draft a new petition, if they so desire, in light of their surviving claims.

## V. <u>CONCLUSION</u>

For the foregoing reasons defendants motion to dismiss (document number 5) is granted so that count one (breach of contract) and count three (negligent misrepresentation) are dismissed. Defendants' motion for summary judgment (document number 6) is granted so that count four (enhanced damages) and plaintiffs' claim in quantum meruit against defendant Godbout individually in count five (quantum meruit) are dismissed. Defendants' motion for a more particular statement of fraud (document number 7) is granted in part; plaintiffs shall have twenty days to amend their complaint to allege additional claims of fraud with particularity. Plaintiffs' petition to attach (document number 2) is dismissed without prejudice.

SO ORDERED.

_____
Paul Barbadoro
United States District Judge

February 17, 1995

18

cc:  Jonathan Flagg, Esq.
     Frank Spinella, Esq.