Rockingham, }
June 23, 1932. }

THOMAS H. SIMES, *Ex'r v.* DANIEL S. ATWELL, *Ap't.*

*Thomas H. Simes, William H. Sleeper* and *John W. Perkins,* for the executor.

*John L. Mitchell,* for the appellant.

PEASLEE, C. J.    The case is wrongly entitled.    It should of course be *Atwell, Ap't v. Simes, Ex'r.*    But as it has gone so far that it will appear in some indexes in the present form, it will be so continued to avoid confusion.

The question of the sufficiency of the evidence to support the action is not presented by the record.    There was no motion for a nonsuit or for a directed verdict.    The motion to set the verdict aside as against the law and the evidence presents no question of law not raised during the trial. *Freeman* v. *Mills,* 84 N. H. 383, and cases cited.

The motion to set the verdict aside as against the weight of the evidence presents a question of law "of extremely narrow application."    The issue of some evidence to go to the jury is not open unless saved during the trial.    But the question of the substantially conclusive nature of the proof, so that no reasonable man could fail to

find in favor of the defeated party, may be raised in this way. *Bennett* v. *Larose*, 82 N. H. 443. No claim of this kind has been argued or made in this case. The argument is that there was insufficiency of evidence to prove a promise to pay, express or implied. As before stated, this question is not presented here.

The issue of the propriety of the assessment of damages, may be raised by motion made after verdict. As such an error "could not reasonably have been foreseen," objection thereto is seasonably presented in this way. *Bennett* v. *Larose, supra,* 447.

The appellant's claim is for services performed for his great uncle by marriage. The evidence shows family intimacy and many acts of ordinary family kindness. As to these, the appellant's wife testified that he had no expectation of pay. There was also evidence of assistance to the decedent in the care of eleven rented houses in which he had a life estate. Rent bills were made out, repairs were discussed and arranged for, and perhaps other details of the management of the property. There were also some automobile trips about Portsmouth that might be classed as business matters.

While the plaintiff's claim covered seventeen years, there was no evidence going back more than eleven years before the decedent's death. The appellant's wife was the only witness to testify as to any dates, and she placed her first knowledge at the time of her marriage fifteen years before the trial or eleven years before Alton's death.

The decedent's will left to the appellant eight hundred dollars as full compensation for his services. The jury were instructed that if they found for the appellant they must take this into account, that if they found his services were not worth more than eight hundred dollars he could recover nothing here. Under this instruction, their verdict of nine thousand dollars meant an assessment of the total value of the services at ninety-eight hundred dollars.

Comment upon such an assessment seems unnecessary. Even upon the assumption that the appellant had entire charge of the property, a reward of nearly a thousand dollars a year for caring for eleven undescribed houses is too preposterous to be thought within the bounds of reason. And the addition of occasional automobile trips about the town does not greatly alter the situation.

The executor's motion to set the verdict aside because the amount awarded was excessive should have been granted.

*Verdict set aside.*

All concurred.