296

Strafford,
Oct. 3, 1950. } No. 3908.

EMPLOYERS LIABILITY ASSURANCE CORP. LTD.

*v.*

HAZEL TIBBETTS & a.

*Hughes & Burns* and *Donald R. Bryant* (*Mr. Bryant* orally), for the plaintiff.

*Cooper, Hall & Cooper* and *John M. Brant* (*Mr. Brant* orally), for the defendants Walker and Soucy.

DUNCAN, J. The plaintiff's petition is brought pursuant to statutory provisions enacted in 1929 (Laws 1929, c. 86) providing for such petitions by persons "claiming a present legal or equitable right or title" against persons "claiming adversely to such right or title." R. L., c. 370, s. 20. While in practice petitions to determine the rights and duties arising out of automobile liability insurance policies have been tried both by court (*Indemnity Ins. Co.* v. *Cannon*, 94 N. H. 319; *Travelers Ins. Co.* v. *Greenough*, 88 N. H. 391) and by jury, (*American Employers Ins. Co.* v. *Wentworth*, 90 N. H. 112; *Hartford &c. Ind. Co.* v. *Brenner*, 92 N. H. 503), the question of the constitutional right to trial by jury has never been squarely presented. *Cf. Ocean Acc. &c. Co.* v. *Connell*, 93 N. H. 77. In *Faulkner* v. *Keene*, 85 N. H. 147, the declaratory judgment act was held to be constitutional. While it was said that the constitutional provision for jury trial "would seem to be applicable here" and that if so "either [party] might claim the right, save in those exceptional cases, as for example an accounting of a controverted equity, where the right did not exist at common law," it was unnecessary to decide the question, since the defendant made no request for trial by jury.

Article 20th of Part First of the Constitution, so far as now pertinent, provides: "In all controversies concerning property—and in all suits between two or more persons, except in cases in which it has been heretofore otherwise used and practiced, . . . the parties have a right to a trial by jury and this method of procedure shall be held sacred . . . ." In *Davis* v. *Dyer*, 62 N. H. 231, 235, this provision was held not to be "an extension of the right to cases not before within its operation," but rather "recognition of an existing right, guaranteeing it

as it then stood and was practised." Accordingly it was held in *Halla-han* v. *Riley*, 94 N. H. 338, that there was no constitutional right to trial by jury of an appeal under the Unemployment Compensation Act. The extent of the right is to be determined by looking to the nature of the case and of the relief sought (*Daley* v. *Kennett*, 75 N. H. 536, 540), and by ascertaining how trial by jury was " 'used and practiced' before 1784." *Douglas* v. *Company*, 81 N. H. 371, 374. The argument that the right exists in this case because such a petition was unknown before the Constitution and therefore does not come within the exception of "cases in which it has been heretofore otherwise used and practiced" cannot be accepted. It does not necessarily follow however that the right may not exist.

While declaratory judgment actions are creatures of statute, they furnish a procedure for adjudicating substantive rights which have long been recognized, including rights determined by jury trial under preconstitutional practice. The requirement of our statute that such an action be instituted by petition does not make the action an equity proceeding for that reason alone. See *Silberman* v. *McLaughlin*, 129 Conn. 273, 276. In *Pacific Indem. Co.* v. *McDonald*, 107 F. (2d) 446, brought under the Federal Declaratory Judgment Act, an action for a declaratory judgment was said to be "neither legal nor equitable, but *sui generis*." Yet as there recognized the nature of the claim presented by such an action may be legal or equitable (Borchard, Declaratory Judgments, 2d *ed.*, 400), and the right to trial of such an action by jury is commonly considered to depend upon the nature of the claim or issue presented. See *United States F. & G. Co.* v. *Dairy*, 135 Conn. 294. Issues triable by jury when presented in coercive actions at common law are triable by jury when presented in actions for declaratory relief; and there is common agreement that declaratory actions may not be used to circumvent the right to jury trial. *Dickinson* v. *Gen'l Acc. Assur. Corp.*, 147 F. (2d) 396; *Borchard, supra*, 399 *et seq* 652; Anno. 131 A. L. R. 218; Developments — Declaratory Judgments, 62 Harv. L. Rev. 787, 834-836. While our statute contains no reference to trial by jury, "yet it is not to be doubted that the usual constitutional provisions for jury trial prevail." *Borchard, op. cit.* 401.

The exceptions before us are those of parties who are plaintiffs in pending law actions against the assured and the operator of the automobile described in the policy. The motion denied by the Court was theirs alone. No trial by jury was sought by Tibbetts or by Hill. Any rights of Walker and Soucy against the plaintiff company derive

from a contract to which they are not parties. While by statute (R. L., c. 122, s. 16) they have rights against the plaintiff to the extent that liability for the accident in question is covered by the insurance, "the legislature has not . . . prescribed the form of action by which the judgment creditor may enforce his right against the insurer," and the remedy is in equity. *Bosse* v. *Insurance Co.*, 88 N. H. 98, 101.

It is argued that the principles announced in the *Bosse* case are controlling here. Judgment creditors in enforcement of their rights against an insurer by coercive action, would be left "to the recognized equitable remedy." *Id.*, 101. They could not maintain an action at law upon the policy of insurance, and it would normally follow that they would have no constitutional right to trial by jury. *Dion* v. *Cheshire Mills*, 92 N. H. 414. It happens however that the issue raised by the plaintiff's petition in this case is one which is implicit in the issue presented by the pending law actions against the insured. As the facts are understood, liability of the insured for the conduct of the operator Hill depends upon proof that the latter's use of the automobile was an "act of service" to the insured (*Morin* v. *Insurance Company*, 85 N. H. 471, 472), which in turn would establish her consent to its use. Had the law actions been first tried, the claimants would have been entitled to have this issue determined by a jury. A verdict against the insured would have established consent, and by this verdict the insurer would now be bound (*Morin* v. *Insurance Company, supra*) whether it elected to defend the actions (*Lamarre* v. *Lamarre*, 84 N. H. 441, 444) or not (*Howe* v. *Howe*, 87 N. H. 338, 339).

The principle that a petition for declaratory judgment may not be utilized to circumvent the right to trial by jury is firmly established according to authorities heretofore cited. See also, Note, 35 Ill. L. Rev. 339, 342. The plaintiff asserts no right to rescission or cancellation which it might be entitled to have determined by a court of equity. *Cf. Id.* at 341; and see *Enelow* v. *New York Life Ins. Co.*, 293 U. S. 379. It would follow that the claimants' motion for a trial by jury should have been granted, at least in the absence of any question that the actions at law against the insured could be supported by evidence that she was chargeable with Hill's conduct. If such a question did arise, the burden was upon the claimants to satisfy the Trial Court that there was evidence supporting the law actions sufficient to present a case for a jury.

However, no record of the hearing on the motion for trial by jury is before us and to what extent the present contentions of the parties were then considered does not appear. The plaintiff argues that a

lack of foundation for the law actions is now demonstrated by the record of the hearing before the Court on the issue of whether the insured consented to Hill's use of her automobile. That record contains the testimony of the insured, the defendant Hill, and others concerning the circumstances surrounding Hill's use and possession of the vehicle at the time of the accident. While Hill testified that he had the insured's consent to the use, there was no evidence tending to prove that she had any interest in the errand upon which he was engaged when the accident occurred. The claimants do not assert that such evidence could have been produced at the hearing, or that it ever existed. Without it, the law actions cannot be maintained.

On this state of the record, we accordingly hold that no prejudicial error is shown in the denial of a jury trial claimed as a matter of right. The right to trial of a petition for declaratory judgment by jury may not be predicated upon the presentation in a pending law action of the same or a similar issue which cannot be supported by evidence sufficient to warrant its submission to a jury. If the Trial Court, on the other hand, undertook to decide the claimants' motion in the exercise of its discretion, instead of disposing of the question as one of law, no abuse of discretion is shown.

*Judgment for the plaintiff.*

All concurred.