Milford Municipal Court,
No. 4653.

STATE *v.* BENTLEY FARWELL.

Submitted February 4, 1959.
Decided February 27, 1959.

*Louis C. Wyman,* Attorney General, *John J. Zimmerman,* Assist-

ant Attorney General, and *Conrad Danais,* county attorney, for the State.

*Leonard G. Velishka* for the defendant.

BLANDIN, J. It is too well settled here to require extended citation that the test to determine the sufficiency of a complaint or indictment is to inquire whether it "informs the defendant 'of the nature and cause of the accusation with sufficient definiteness' so that he can prepare for trial." *State* v. *Rousten,* 84 N. H. 140, 143.

It is not essential to the validity of a complaint or indictment that it could possibly be made more comprehensive and certain; it is only necessary that it allege "every element of the offense charged in language sufficiently definite to apprise the respondents of what they must be prepared to meet for trial." *State* v. *Story,* 97 N. H. 141, 146. In the present case the complaint used the words of the statute and also alleged specific overt acts, namely that the defendant threw "two stones on the windshield" of the automobile of the complainant's husband, "whereby" his property was damaged "in an amount exceeding Fifteen Dollars." This has been held sufficient. See *State* v. *Davis,* 99 N. H. 88, 89.

Such cases as *State* v. *Gilbert,* 89 N. H. 134, relied upon by the defendant, where the accused was not informed of facts reasonably necessary to enable him to prepare for trial, are clearly distinguishable from the situation before us and do not support the defendant's position. It follows the order is

*Exception overruled.*

All concurred.