Rockingham
No. 7360

HERBERT L. HAUSER, & a.

v.

LEON CALAWA, JR., & a.

November 30, 1976

*Shute, Engel & Frasier (Mr. Francis J. Frasier* orally) for the plaintiffs.

*Winer, Lynch, Pillsbury & Howorth (Mr. Robert W. Pillsbury* orally) for the defendants.

GRIMES, J.    Plaintiffs brought an action for trespass and for the negligent creation of a private nuisance. A jury trial resulted in a verdict of $20,000 for the plaintiffs and the court, in a related equity action tried concurrently, entered a decree enjoining the defendants from causing or permitting any sewage to flow onto the land of the plaintiffs. All questions of law were transferred by *Douglas,* J.

The questions presented by this case are whether the jury verdict should, have been set aside as against the law, the evidence, and the weight of the evidence; and whether the jury verdict should have been set aside because of erroneous charges to the jury.

The plaintiffs have owned a home on a piece of property on the southerly side of Stonehenge Road in Londonderry, New Hampshire, since 1964. In 1969, the defendants bought a piece of

property on the northerly side of Stonehenge Road opposite the plaintiffs' property and shortly thereafter constructed several apartment buildings on the premises. The plaintiffs testified that in 1970 they noticed an odor drifting over their land and that the odor increased by 1972 to the point where doors and windows had to be kept closed during certain parts of the year. The plaintiffs contend that eruptions of certain of the defendants' septic systems and leaching beds have caused the odor and contamination of water that flows from defendants' property onto that of plaintiffs'. Plaintiffs further claim that the contaminated water runs into a pond under construction on plaintiffs' land which will become polluted without safeguards.

Defendants claim that the jury verdict was against the law, the evidence and the weight of the evidence. Since no motions were filed by trial counsel to nonsuit the plaintiffs or for a directed verdict in the action at law, the defendants have waived the right to question the sufficiency of the evidence to support the verdict. *Simes v. Atwell,* 85 N.H. 537, 161 A. 381 (1932). Furthermore, the defendants' motion below to set aside the verdict alleged as grounds therefor that the verdict was against the evidence and the law and did not raise the question whether the verdict was against the weight of the evidence. This question, therefore, is technically not before us. However, even if it were properly before us, the outcome would remain unchanged.

The standard for review of a verdict as against the weight of the evidence is extremely narrow, as defendants recognize, and is well stated in *Bennett v. Larose,* 82 N.H. 443, 448, 136 A. 254, 257 (1926). "It presents for this court only the determination of the issue whether the presiding justice acted witlessly in passing upon the witlessness of the jury; that is whether the evidence in favor of the plaintiff is of such overwhelming weight that everyone must find in her favor, and nothing but mistake, partiality, or corruption could account for the verdict and its supporting finding." *See Bothwick v. LaBelle,* 115 N.H. 279, 339 A.2d 29 (1975).

Defendants' counsel on appeal contends that on the evidence no reasonable person could find that any pollutant crossed from defendants' property onto plaintiffs' land or that there was any negligence on their part causing a nuisance. The trespass alleged was one of a continuing nature. The plaintiffs had made several complaints to the defendants about the condition of the defendants' septic system and leaching fields. In addition there was undisputed evidence that defendants spread sand over their leach-

ing beds and other areas just prior to an agreed date on which tests were to be performed which would have shown whether materials from defendants' leaching beds were escaping onto plaintiffs' property. There was expert testimony to the effect that such interference could explain the suspiciously low results of the coliform tests performed that day and the lack of any trace of dye at the test sites.

The acquisition of permits to install a septic system does not relieve a landowner from the duty of properly maintaining those systems. There was undisputed evidence of various breakdowns of the septic systems over the years in question. In addition the plaintiffs testified to an odor that during particular seasons of the year was so unbearable their doors and windows had to be kept closed. This testimony was supported by a neighbor's experience on two occasions as well. The plaintiffs also testified that the odor commenced shortly after the apartments had been constructed and had not occurred during the five years before their construction. In addition the plaintiffs testified that whenever there was a northeasterly wind, a wind that would blow from the defendants' land to that of the plaintiffs, the odor was present. This evidence is sufficient to sustain the jury's verdict.

Defendants further claim that no negligent act of defendants affected the construction of plaintiffs' pond and that the jury award of $20,000 was excessive. As we find sufficient evidence to support negligence of defendants in maintaining their sewerage systems the question narrows to whether such negligence affected the construction of the pond.

The pond under construction was to supply water to a tree farm on plaintiffs' property as well as to provide recreation in the form of swimming and skating. There was undisputed evidence that the natural flow of water was from defendants' land to that of plaintiffs'. In fact the brook that was to be one source of water supplying plaintiffs' pond flows from the affected area on defendants' land to plaintiffs' land. There was evidence that plaintiffs had to continue to suspend action on the pond due to the possibility of contamination. Furthermore, parts of the original plan of construction had to be abandoned and replanned to guard against pollution. Additional evidence produced by plaintiffs showed that because the pond would be contaminated by the brook, additional work had to be done, some of which was carried out to reroute the contaminated water and seal the pond off so that contaminated water could not seep into it. This evidence is sufficient to

support the verdict.

The remaining question whether the damages awarded are excessive is an issue of fact to be determined by the trial court. *Valliere v. Filfalt,* 110 N.H. 331, 266 A.2d 843 (1970); *Morris v. Ciborowski,* 113 N.H. 563, 311 A.2d 296 (1973). This issue not having been raised below is not properly before us on appeal. *See Hayes v. State,* 109 N.H. 353, 252 A.2d 431 (1969); 5 Am. Jur. 2d *Appeal and Error* § 640-41 (1962).

Defendants also argue that the trial judge erred in not instructing the jury that trespass must be an intentional act and further argues that there was no evidence that defendants "intentionally brought odor on plaintiffs' property." However, although trial counsel excepted to the giving of certain of plaintiffs' requests, there is nothing in the record to indicate that the claims presently being made by counsel on appeal were fairly brought home to the trial justice. Nor did any of defendants' requests fairly raise this issue. Not having raised the issues at trial, defendants cannot raise them here. *Soucy v. Royal,* 116 N.H. 170, 174, 359 A.2d 198, 201 (1976).

Defendants' final contention is that the instructions on damages were erroneous and not supported by the evidence. Here again this is a matter not brought to the attention of the trial court.

*Exceptions overruled.*

BOIS, J., did not sit; the others concurred.