Mitsubishi Mot. v. Portsmouth Imp.    CV-94-123-JD  05/03/96

UNITED STATES DISTRICT COURT FOR THE
                        DISTRICT OF NEW HAMPSHIRE

Mitsubishi Motor Sales
of America, Inc.

        v.                                  Civil No. 94-123-JD

Portsmouth Imports, Inc.,
d/b/a Portsmouth Mitsubishi


                            O R D E R


        The plaintiff, Mitsubishi Motor Sales of America, Inc.

("Mitsubishi") brought this diversity action seeking declaratory

relief related to the termination of its franchise agreement with

the defendant, Portsmouth Imports, Inc. ("Portsmouth").

Portsmouth has filed a four-count counterclaim seeking damages

arising out of its negotiations with Mitsubishi and the

termination of its franchise.  Before the court are Mitsubishi's

motion for summary judgment on count 1 of Portsmouth's

counterclaim (document no. 47), Mitsubishi's motion to strike

Portsmouth's demand for a jury trial (document no. 48),

Mitsubishi's motion to strike Portsmouth's counterclaim for

multiple damages (document no. 49), and Mitsubishi's motion to

amend its answer and affirmative defenses to Portsmouth's

counterclaim (document no. 67).

## Background

This case arises out of the negotiations for and eventual termination of a Mitsubishi automobile dealership located in Portsmouth, New Hampshire. According to Portsmouth, Mitsubishi falsely represented during negotiations that its research indicated that Portsmouth would be able to sell 485 cars per year, and Portsmouth detrimentally relied on this representation. Portsmouth further alleges that after losing a significant amount of money during its first year of business, it requested permission from Mitsubishi to relocate its franchise to the location of its Chrysler dealership three miles away. However, Mitsubishi conditioned its approval of this proposal on a suspension of delivery of all new automobiles until the footers and structural steel for a new showroom had been erected. When Portsmouth refused to agree to this condition, Mitsubishi terminated the franchise.

Mitsubishi brought the instant action, seeking a declaration that it terminated the Portsmouth franchise in compliance with N.H. Rev. Stat. Ann. ("RSA") 357-C:7 and the provisions of the dealer agreement between the parties. Portsmouth filed a counterclaim seeking monetary damages for "unreasonable conduct in location of franchise" (count 1), failure to provide adequate inventory under RSA 357-C:7(III)(a) (count 2), wrongful

2

termination of franchise in violation of RSA 357-C and RSA 358-A (count 3), and an unspecified violation of RSA 358-A (count 4).

## Discussion

### I. Motion for Summary Judgment on Counterclaim Count 1

Reading count 1 of Portsmouth's counterclaim to sound in misrepresentation, Mitsubishi argues that summary judgment is warranted because Portsmouth had released Mitsubishi from any liability arising out of the parties' negotiations, and because the 485-automobile figure it furnished to Portsmouth was a mere projection, not a representation of fact. Portsmouth contends that Mitsubishi has waived its right to assert release as an affirmative defense because the offense was omitted from Mitsubishi's answer to Portsmouth's counterclaim, and further argues that the release is ineffective as a matter of New Hampshire law. It also contends that Mitsubishi's misrepresentations are actionable.

### A. Waiver of Affirmative Defense

Rule 8(c) of the Federal Rules of Civil Procedure requires a party to set forth all affirmative defenses in a responsive pleading. "A defendant who fails to assert an affirmative defense at all, or who asserts it in a largely uninformative way,

3

acts at his peril," and may be found to have waived his right to assert the defense. E.g., Williams v. Ashland Eng'g Co. Inc., 45 F.3d 588 (1st Cir.), cert. denied, 116 S. Ct. 51 (1995). In determining whether a party's failure to assert an affirmative defense constitutes a waiver of that defense, the court must make a practical assessment whether Rule 8(c)'s core purpose -- "to act as a safeguard against surprise and unfair prejudice," id. -- has been violated.

In its answer, Mitsubishi asserted waiver and estoppel as affirmative defenses to all of Portsmouth's counterclaims, but neither included release as an affirmative defense nor mentioned any contractual provisions that could serve as a bar to its precontractual liability. Now, fifteen months after filing its answer and two weeks before trial, Mitsubishi seeks dismissal of count 1 of the plaintiff's counterclaim on the grounds of a release[1] from precontractual liability appearing in a dealer agreement executed by the parties on December 14, 1992. The court finds the omission of release as an affirmative defense in the answer to be prejudicial. During discovery Portsmouth has not questioned any Mitsubishi representatives about the language

---

[1]Notably, Mitsubishi's motion for summary judgment expressly refers to the provision at issue as a "release" and does not refer to the provision as a "waiver." Although the distinction may be subtle, it is one that both Mitsubishi and Rule 8(c) appear to appreciate.

4

in the release and, based on a fair reading of Mitsubishi's answer, was never put on notice that Mitsubishi would assert the release as a bar to precontractual liability. As such, Mitsubishi has waived its right to assert release as a defense.[2]

B. <u>The Merits</u>

In general, estimates of future performance made by a franchisor to a potential franchisee during negotiations are not actionable. <u>See, e.g</u>, <u>Schott Motorcycle Supply, Inc. v. American Honda Motor Co.</u>, 976 F.2d 58, 65 (1st Cir. 1992) (applying Maine law). However, Portsmouth has alleged not only that Mitsubishi represented that Portsmouth would be able to sell 485 vehicles per year, but also that it falsely represented that its estimate was based on sophisticated market research tailored to Portsmouth's background. Portsmouth further claims that it was forced to incur inflated overhead costs as a result of Mitsubishi's representation. <u>See</u> Pretrial Statement at 2-3. The court finds that Mitsubishi has failed to demonstrate the lack of a genuine of issue of material fact concerning these issues.

---

[2]The court will not allow Mitsubishi to escape the court's finding of prejudice by amending its answer to include release as an affirmative defense. Although Rule 15(a) provides that leave to amend a pleading shall be freely given, this is not a case where "justice so requires." Mitsubishi's motion to amend (document no. 67) is denied.

Accordingly, Mitsubishi's motion for summary judgment (document no. 47) is denied.

## II. Motion to Strike Request for Jury Trial

Mitsubishi argues that Portsmouth's request for a jury trial should be stricken because Portsmouth has waived its right to a jury trial, and because the legal theories Portsmouth has asserted do not provide for jury trials. Portsmouth claims that the waiver upon which Mitsubishi relies is ineffective as a matter of law, and disputes Mitsubishi's contention that no jury trial is available under its legal theories.

### A. Waiver

Mitsubishi's contention that Portsmouth waived its right to a jury trial in this action is based on dealer agreements that Portsmouth signed and that incorporate the following language:

> For all disputes, controversies or claims which may arise between MMSA and Dealer out of, or in connection with, this Agreement, its construction, interpretation, effect, performance or nonperformance, termination, or the consequences thereof, or in connection with any transaction between them contemplated thereby, MMSA and Dealer hereby waive, to the extent permitted by law, the right to trial by jury.

Dealer Sales and Service Agreement at 22.

Portsmouth claims that this language is rendered inapplicable by RSA 357-C:6, which provides:

6

Every new selling agreement or amendment made to such agreement between a motor vehicle dealer and a manufacturer or distributor shall include, and if omitted, shall be presumed to include the following language: "If any provision herein contravenes the valid laws or regulations of the state of New Hampshire, such provision shall be deemed to be modified to conform to such laws or regulations; <u>or if any provision herein, including arbitration provisions, denies or purports to deny access to the procedures, forums, or remedies provided for by such laws or regulations, such provisions shall be void and unenforceable</u>; and all other terms and provisions of this agreement shall remain in full force and effect."

RSA 359-C:6(III) (1995) (emphasis added).

The plain language of the statute prevents the parties from waiving, through the execution of a dealer agreement, the right to any procedures guaranteed by the laws of New Hampshire. The court construes this language to include the right to a jury trial where such a right is provided for by law, and thus finds the waiver ineffective.

### B. Availability of a Jury Trial

The court notes at the outset that a declaratory judgment action "may not be used to circumvent the right to a jury trial," Employers Liability Assurance Corp. v. Tibbets, 96 N.H. 296, 298, 75 A.2d 714, 717 (1950), and that Mitsubishi's request for declaratory relief, which seeks a declaration of compliance with RSA 357-C and with a contract governed by RSA 357-C, essentially mirrors count 3 of Mitsubishi's counterclaim. As such, the court

7

considers the availability of a jury trial on Mitsubishi's action for a declaratory judgment in conjunction with its analysis of Portsmouth's right to a jury trial on the counterclaims.

Neither RSA 357-C nor RSA 358-A expressly provides for a trial by jury. However, in this district the court has held that a party seeking monetary damages under RSA 358-A has the right to a jury trial, Sam's v. Wal-Mart, No. 93-455-JD, slip. op. at 7-8 (D.N.H. Oct. 31, 1994), and has conducted jury trials for liability and damages in cases brought under RSA 357-C; see Poulin Corp. v. Chrysler Corp., 861 F.2d 5 (1st Cir. 1988); Jay Edwards, Inc. v. New England Toyota Distrib., Inc., 708 F.2d 814 (1st Cir.), cert. denied, 464 U.S. 894 (1983). Mitsubishi's last-minute effort to avoid a trial by jury relies exclusively on Massachusetts cases construing the Massachusetts analogs to the New Hampshire statutes at issue. Although Portsmouth has not fully developed its legal theories, the gravamen of its counterclaim is that Mitsubishi made misrepresentations during negotiations and breached the implied covenant of good faith implicit in all contractual provisions in terminating its dealership agreement with Portsmouth. Regardless of how these counterclaims are framed, they seek exclusively legal relief and are analogous to misrepresentation and breach of contract, causes of action that were cognizable at common law at the time the New

8

Hampshire Constitution was ratified.  Given the nature of its claims and the remedy it seeks, Portsmouth is guaranteed the right to a trial by jury under the New Hampshire Constitution. See McElroy v. Gaffney, 129 N.H. 382, 386 (1987), 529 A.2d 889, 891 (interpreting N.H. Const., Pt. I, Art. 20); Lakeman v. La France, 102 N.H. 300, 304, 156 A.2d 123, 126 (1959) ("The nature of the case and of the relief sought must be looked to for the settlement of the constitutional question." (quotation marks omitted)); Tibbets, 96 N.H. at 298; 75 A.2d at 717 (availability of jury trial determined by reference to nature of case, relief sought, and ascertainment of how jury was used prior to 1784).[3]

---

[3]The court is not persuaded by Mitsubishi's textual analysis of the statutes in question, particularly RSA 358-A:10(I), which provides:
> If the court finds for the plaintiff, recovery shall be in the amount of actual damages or $1,000, whichever is greater.  If the court finds that the use of the method of competition or the act or practice was a willful or knowing violation of the statute, it shall award as much as 3 times, but not less than 2 times, such amount.

In construing the federal constitutional right to a jury trial under the Seventh Amendment, the United States Supreme Court has rejected the argument that a statute's reference to "the court" as the trier of fact precludes a jury from hearing the case. Curtis v. Loether, 415 U.S. 189, 192 (1974).  In determining the availability of a jury trial under a federal statute, the relevant inquiry is not whether the statute does or does not provide for trial by jury, but, rather, whether the "statute creates legal rights and remedies, enforceable in an action for damages in the ordinary courts of law." Id. at 194.  The court finds this method of analysis consistent with Article I, Part 20 of the New Hampshire Constitution. See Tibbets, 96 N.H. at 298; 75 A.2d at 717 (where statute does not provide for trial by jury,

9

Mitsubishi's motion to strike Portsmouth's jury demand (document no. 48) is denied.

III.  Motion to Strike Claim for Multiple Damages

Relying heavily on New Hampshire Auto. Dealers Ass'n v. General Motors Corp., 620 F. Supp. 1150 (D.N.H. 1985), aff'd in part and vacated in part, 801 F.2d 528 (1st Cir. 1986), Mitsubishi argues that Portsmouth's prayer for multiple damages under RSA 358-A should be stricken because it conflicts with the "actual damages" remedy prescribed by RSA 357-C:12.  In General Motors, the court held that the plaintiff could not proceed under RSA 358-A because the conduct in which the defendant was alleged to have engaged was not actionable under RSA 357-C.  The court noted that New Hampshire courts have "long followed the well-established rule . . . that where conflicts exist as between a general and a specific statute, the provisions of the specific statute are to be applied."  Id. at 1159 (citation omitted).

Mitsubishi's reliance on General Motors is misplaced.  The conflict in General Motors involved conduct that was not actionable under 357-C but fell within the scope of 358-A's

---

"it is not to be doubted that the usual constitutional provisions for jury trial prevail").  The court does not now decide whether the court or jury assesses double or treble damages if the jury determines there is a willful or knowing violation.

prohibition.  Here, Mitsubishi has not argued that its conduct is not actionable under RSA 358-A.  Rather, the only conflict it points to lies in the remedy potentially available to Portsmouth -- actual damages under 357-C or multiple damages under 358-A. As the court noted in an analogous situation, "the mere existence of two statutes with overlapping civil remedies does not necessarily render one inapplicable to a civil action in which the plaintiff seeks redress under both remedial provisions." Nault's Auto. Sales v. American Honda Motor Co., 148 F.R.D. 25, 47 (D.N.H. 1993); accord Gilmore v. Bradgate Assocs., 135 N.H. 234, 238, 604 A.2d 555, 557 (1992) (broad reach of consumer protection act indicates legislature's intention not to exclude from its protection industries already protected by a regulatory framework).  In keeping with Nault's and Gilmore, the court finds that Portsmouth is not precluded from seeking multiple damages under RSA 358-A.[4]

---

[4]In reaching this conclusion the court notes that RSA 358-A:2 prohibits the use of "any unfair method of competition or deceptive act or practice in the conduct of any trade or commerce within this state," and that RSA 357-C:3 expressly considers the refusal to deliver vehicles in reasonable quantities and the termination of an automobile franchise without good cause to be unfair methods of competition and unfair and deceptive practices. It would appear to follow that the refusal to deliver vehicles and the cancellation of a franchise without good cause are violations of RSA 358-A:2.  Although the New Hampshire Supreme Court has stated that the consumer protection act's protections are limited to the types of acts catalogued in 358-A:2, Roberts v. General Motors Corp., 138 N.H. 532, 538-39, 643 A.2d 956, 960

11

<u>Conclusion</u>

Mitsubishi's motion for summary judgment on count 1 of Portsmouth's counterclaim (document no. 47), Mitsubishi's motion to strike Portsmouth's demand for a jury trial (document no. 48), Mitsubishi's motion to strike Portsmouth's counterclaim for multiple damages (document no. 49), and Mitsubishi's motion to amend its answer and affirmative defenses to Portsmouth's counterclaim (document no. 67) are denied.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
Chief Judge

May 3, 1996

cc:  Jude A. Curtis, Esquire
     Michael R. Heyison, Esquire
     Richard B. McNamara, Esquire

---

(1994), the court finds this limitation inapplicable where, unlike the facts presented in <u>Roberts,</u> another applicable statutory provision expressly declares the conduct alleged in the complaint to fall within the ambit of RSA 358-A:2.  <u>Accord</u> <u>Nault's,</u> 148 F.R.D. at 47; <u>see also</u> <u>Gautschi v. Auto Body</u> <u>Discount Ctr.,</u> 139 N.H. 457, 460,  660 A.2d 1076, 1078 (1995) (endorsing the Federal Trade Commission's definition of unfairness, including a consideration of whether a practice falls under the penumbra of a common-law, statutory, or other established concept of unfairness).

12