**Seasons at Attitash v. Country Gas    CV-96-010-B    09/12/97**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

The Seasons at Attitash
Owners Association

    v.                                Civil No. 96-10-B

Country Gas, Inc.

## MEMORANDUM AND ORDER

The Seasons at Attitash Owners Association (the "Owners") brought this class action against Country Gas, Inc. ("Country Gas") asserting: (1) a breach of a contract to supply liquid petroleum gas, (2) a violation of the New Hampshire Consumer Protection Act, N.H. Rev. Stat. Ann. § 358-A (1995), arising out of the same contract, and (3) a claim to quiet title to the condominium's propane gas system components and related easements. Country Gas moves for summary judgment on parts of Attitash's contract claim invoking the special four-year statute of limitations governing contracts for the sale of goods. It also challenges portions of the Consumer Protection Act claim citing the Act's two-year exemption provision.[1] For the reasons that follow, I grant Country Gas's motion for summary judgment.

## I.  BACKGROUND

Country Gas provided liquid petroleum natural gas ("LP gas")

---

[1] Country Gas also seeks summary judgment with respect to the quiet title claim. I will address that issue in a separate order.

for the Seasons at Attitash Condominium in Bartlett, New Hampshire pursuant to a June 21, 1988 contract.  The contract provided that Country Gas would supply LP gas for 12 years at .829 cents per gallon and that the "[p]rice per gallon [would be] subject to change due to Portland tank car changes and/or State and Federal taxes should they ever apply."  The Owners accepted Country Gas's bills for several years without question.  However, in 1995, they began to investigate unexpected fluctuations in the LP gas price.  Eventually, the Owners allege, they discovered that the Portland tank car "rate" which allegedly influenced the price of their gas under the contract did not exist.  The Owners demanded an accounting from Country Gas to explain the gas charges.  This dispute was not resolved and the Owners brought this action on January 3, 1996.  Country Gas continued to provide gas under the contract until February 1, 1996, when the Owners contracted with another company.

## II.  STANDARD OF REVIEW

Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P.

2

56(c); see Lehman v. Prudential Ins. Co. of Am., 74 F.3d 323, 327 (1st Cir. 1996). In ruling on a motion for summary judgment, the court construes the evidence in the light most favorable to the non-movant and determines whether the moving party is entitled to judgment as a matter of law. Oliver v. Digital Equip. Corp., 846 F.2d 103, 105 (1st Cir. 1988).

Where the nonmoving party bears the burden of persuasion at trial, it must "make a showing sufficient to establish the existence of [the] element[s] essential to [its] case" in order to avoid summary judgment. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). It is not sufficient to "rest upon mere allegation[s] or denials of [the moving party's] pleading." LeBlanc v. Great Am. Ins. Co., 6 F.3d 836, 841 (1st Cir. 1993) (quoting Anderson, 477 U.S. at 256). Rather, to establish a trial-worthy issue, there must be enough competent evidence "to enable a finding favorable to the nonmoving party." Id. at 842 (citations omitted).

## III. <u>DISCUSSION</u>

Country Gas asserts that the four-year statute of limitations governing contracts for the sale of goods bars any breach of contract claims based on installment sales that occurred prior to January 1992. It also argues that the Owners'

3

Consumer Protection Act claim for violations that occurred prior to January 1994 is barred by the Act's two-year exemption provision. The Owners respond by arguing that their claims are saved by either the discovery rule or the fraudulent concealment doctrine. They also assert that the Consumer Protection Act claims are subject to a three-year limitations period.

I grant Country Gas's motion because (1) the discovery rule does not apply to either claims based on contracts for the sale of goods or the Consumer Protection Act, (2) the Owners have failed to offer sufficient evidence to support a fraudulent concealment claim; and (3) the three-year exemption period for Consumer Protection Act claims became effective after this action was commenced and is therefore inapplicable.

## A.  Contract Claim (Count I)

A contract for the sale of LP gas is a contract for the sale of goods and is governed by New Hampshire's Uniform Commercial Code (UCC). N.H. Rev. Stat. Ann. § 382-A:2-105(1) (1994). Any action for a breach of this contract is subject to a four year limitations period marked from the time of the breach, regardless of the aggrieved parties' knowledge of the breach. N.H. Rev. Stat. Ann. § 382-A:2-725 (1994). The gas supply contract is an installment contract because it provided that unit owners would be billed monthly for the gas they used. See N.H. Rev. Stat.

4

Ann. § 382-A:2-612(1) (1994). A cause of action accrues for an installment contract at the due date of each installment.[2] General Theraphysical, Inc. v. Dupuis, 118 N.H. 277, 279 (1978). Therefore, any breach of contract claims based on gas delivered before January 1992 (three years prior to the commencement of the action) will be barred by the statute of limitations unless they are saved by either the discovery rule or the fraudulent concealment doctrine.

The Owners' contention that their claims are saved by the discovery rule is inconsistent with the plain language of the applicable statute of limitations which states that "a cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach." N.H. Rev. Stat. Ann. § 382-A:2-725 (emphasis added); see Hall v. Eaton Corp., 825 F.2d 448, 456-57 (D.C. Cir. 1987) (concluding under a similar statute of limitations that "[g]iven the clear words of the statute, and the absence of controlling authority to the contrary . . . the discovery rule is not applicable . . ."); see also Gagnon v. G.D. Searle & Co., 889 F.2d 340 (1st Cir. 1989) (dicta). Accordingly, the Owners' breach of contract claims

_____

[2] I refer to contract claims throughout the opinion because of the nature of installment contracts. All of the claims, however, are contained in a single count. I refer in a similar manner to claims based on the Consumer Protection Act.

cannot be saved by the discovery rule.

Although the discovery rule cannot be used to save a claim based on a contract for the sale of goods, the special statute of limitations governing such claims does provide that "[t]his section does not alter the law on tolling of the statute of limitations." N.H. Rev. Stat. Ann. 382-A:2-725(4). Since the New Hampshire Supreme Court has long recognized that fraudulent concealment will toll the running of the general statute of limitations, Bricker v. Putnam, 128 N.H. 162, 165 (1986); Lakeman v. LaFrance, 102 N.H. 300, 303-304 (1959), the special statute of limitations for contracts for the sale of goods will also be tolled for fraudulent concealment in the appropriate case. Cheshire Medical Center v. W.R. Grace & Co., 764 F. Supp. 213, 217 (D.N.H. 1991) (applying New Hampshire law); 5 Ronald H. Anderson, Anderson on the Uniform Commercial Code, § 2-725:132 (3d ed. 1994) ("When the defendant has been guilty of fraud, the discovery-date rule, rather than the breach-date rule, is applied."). However, a false representation in an arms-length transaction requires fraudulent intent to toll the statute of limitations. Hamlin v. Oliver, 77 N.H. 523, 524 (1915). Moreover, once a defendant has established that a statute of limitations would bar a claim, the plaintiff has the burden of both raising and proving that fraudulent concealment is

6

applicable to the action.  <u>Glines v. Bruk</u>, 140 N.H. 180, 181 (1995).

By its terms, the contract at issue in this case required Country Gas to provide gas at a price that would fluctuate according to changes in the Portland tank car rate.  The Owners claim they subsequently discovered that no such "rate" exists, and that Country Gas was purchasing gas from MaineGas for resale to the Owners, thereby concealing the true basis for the rate fluctuations it passed on to the Owners.  However, they offer no additional evidence to support their fraudulent concealment claim and the mere fact that the contract failed to properly characterize the rate adjustment mechanism is not sufficient, by itself, to support a fraudulent concealment claim.  Because neither the discovery rule nor the fraudulent concealment doctrine apply in this case, I grant summary judgment on the contract claim insofar as it seeks recovery for breaches of contract that occurred prior to January 1992.

**B.    <u>Consumer Protection Act Claim (Count II)</u>**

Country Gas next alleges that the Owners cannot maintain a Consumer Protection Act claim for any installment of the contract that occurred prior to January 1994 because the Act exempts from its coverage transactions which occurred two years prior to the filing of an action.  N.H. Rev. Stat. Ann. § 358-A:3, IV-a (1995

7

& Supp. 1996).[3]

The Owners counter by invoking a recent amendment to the Consumer Protection Act allowing claims for "[t]ransactions entered into more than 3 years prior to the time the plaintiff knew, or reasonably should have known, of the conduct alleged to be in violation of this chapter."  See N.H. Rev. Stat. Ann. § 358-A:3, IV-a (Supp. 1996) (effective January 1, 1997).  I reject the Owners' argument that the three-year exemption can be applied in this case.  Absent clear evidence to the contrary, New Hampshire law presumes that statutes are intended to operate prospectively.  Harris v. Adams, 123 N.H. 167, 170 (1983).  This presumption is especially strong in cases such as this one, where retroactive application of the new statute would revive otherwise time-barred claims.  Cf. Gould v. Concord Hosp., 126 N.H. 405, 408 (1985) (claim barred by statute of limitations cannot be revived by a new law extending the limitations period); Woart v. Winnick, 3 N.H. 473, 479 (1826) (Pt. 1 Art. 23 of New Hampshire Constitution prohibits enforcement of any new law that "creates a new obligation, imposes a new duty, or attaches a new disability,

_____

[3]  N.H. Rev. Stat. Ann. § 358-A:3, IV-a is an exemption provision and not a statute of limitations.  Therefore, neither the discovery rule nor the fraudulent concealment doctrine provide the Owners with additional time to file.  Catucci v. Lewis, 140 N.H. 243, 244-45 (1995); Zee-Bar Inc.-N.H. v. Kaplan, 792 F. Supp. 895, 901-902 (D.N.H. 1992).

in respect to transactions or considerations already past."). Here, the Owners' right to assert consumer protection claims arising out of pre-January 1994 installments expired in January 1996. The 1997 amendment to the Consumer Protection Act cannot now bring them back to life. Accordingly, I grant summary judgment on the consumer protection claims arising out of contract installments completed prior to January 1994.

## IV. CONCLUSION

For the reasons stated, I grant Country Gas's motion for summary judgment on plaintiff's contract claim (document no. 23) to the extent that it is based on installments completed prior to January 1992. I also grant the motion with respect to the Consumer Protection Act claim to the extent that it is based on installments completed prior to January 1994.

SO ORDERED.

_____
Paul Barbadoro
United States District Judge

September 12, 1997

cc: Randall F. Cooper, Esq.
    Ralph Holmes, Esq.

9